# The City of Wilkes-Barre *versus* Meyers.

113  395|
171  234|

1. A. was appointed a policeman of the City of W. An ordinance of said city provides, "that any patrolman absent from duty without leave shall forfeit all pay for the time of such absence except in cases of sickness when properly certified by a physician." A. was absent from duty without leave for five months on account of sickness. He did not present a physician's certificate that he was sick. In an action by A. against the city to recover salary for the time he was thus absent, *held*, that he could not recover.

2. The Act of July 7th, 1879, P. L., 194, enlarging the civil jurisdiction of justices of the peace to $300, "except cities of the first class" is not special or local within the prohibition of Article III. section 7 of the Constitution, for in this Act "cities of the first class" means only Philadelphia, and in that city by Article V. section 12, of the Constitution the office of alderman is abolished and magistrates are provided for whose civil jurisdiction—which may not be increased by the legislature—is limited to $100; while by Article V. section 11 of the Constitution, justices of the peace or aldermen are provided for without any limit to the power of the legislature to confer civil jurisdiction upon them.

April 14th, 1886. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

ERROR to the Court of Common Pleas of *Luzerne county:* Of January Term 1886, No. 383.

This was an appeal from the judgment of an alderman of the city of Wilkes-Barre by the city of Wilkes-Barre, in a case in which Frederick Meyers was plaintiff and the city of Wilkes-Barre was defendant.

The facts of the case as they appeared on the trial before WOODWARD, J. sufficiently appear in the opinion of the Supreme Court.

The Court instructed the jury, *inter alia*, as follows:

The policemen of the city are salaried officers; they are appointed in a formal manner by the city council, acting under the authority of a city ordinance. This ordinance provides how the police department of the city shall be constituted, and further provides that the men who are appointed to be members of it shall be sworn to the faithful discharge of their duties, and shall not be subject to removal on account of any political opinion, or religious or other sentiment entertained by them, so long as such opinion or sentiment does not interfere with the faithful and efficient discharge of their respective duties as employés of the police department. Another section of the ordinance provides that the council at its first regular meeting each year shall appoint one person as chief of police, who shall be a resident, real estate owner and voter of the city, and, upon recommendation of the police

[City of Wilkes-Barre *v.* Meyers.]

committee, the requisite number of policemen, and any vacancy in any of said appointments may be filled at the next or any subsequent meeting of the council after such vacancy occurs; and any appointee may be removed for incapacity or for neglect of duty. Section four of the ordinance provides that the compensation of all policemen and of the chief of police shall be fixed by resolution of council. Under the head of "Dismissals," the ordinance provides that any member of the police force may be punished in the discretion of council, either by reprimand, forfeiture or withholding of pay, &c.; and paragraph 15, under the head of "Duties of Patrols," provides that any patrolman absent from duty without leave, shall forfeit all pay for the time of such absence, and be fined, reprimanded or dismissed from the force, at the discretion of the council, except in cases of sickness, when properly certified by a physician. Then there are many other sections providing for the duties and the uniforms and the general management and conduct of what is known as the police force or department of the city of Wilkes-Barre.

Now, the plaintiff in this case was a member of this police force, regularly employed, and while in the performance of his duty was taken sick, and remained sick some five months. Council had a right to remove him at any time during those five months and appoint another policeman in his place, or leave the place open, as they saw proper; but they did neither. On the contrary, upon his recovery, he came back to his place, resumed his position as a policeman of the city, and served for some little time afterwards, and was then discharged. We say to you gentlemen, that in our opinion, as matter of law, under this view of the case, the plaintiff is entitled to recover at your hands a verdict for his full pay for five months that he was disabled, which at sixty dollars a month is easily computed.

The defendant has requested us to charge upon the following points submitted by the defendant.

1. Under all the evidence in the case the plaintiff is not entitled to recover.

This point we answer in the negative.

2. The verdict should be for the defendant.

This point we also answer in the negative.

Verdict for the plaintiff in the sum of $333.60 and thereupon judgment, whereupon the defendant took this writ, assigning for error the answer of the Court to the points of the defendant.

*William S. McLean* for plaintiff in error.—We contended in the Court below that the plaintiff was not entitled to recover,

[City of Wilkes-Barre v. Meyers.]

and we contend here that the judgment of the court below should be reversed.

1. Because the salary of the plaintiff below is due him only upon services performed.

2. If sickness would excuse the performance of services, it must be properly certified to by a physician.

3. Because the suit was commenced before an alderman, and the claim was for more than one hundred dollars.

I. Upon the first proposition we contend, that even if there were a hiring for a year, and if the relation existing between the city of Wilkes-Barre and the plaintiff below, were that purely of master and servant, as that relation exists in private affairs, there could be no recovery, because physical disability rendering the servant unable to perform his part of the contract, will excuse the master from paying the stipulated wages while the disability lasts: Hunter v. Waldron, 7 Ala., 753; Dickey v. Linscott, 20 Maine, 453; Fenton v. Clark, 11 Vt., 557; Hubbard v. Belden, 27 Vt., 645; 2 Parsons on Contracts. p. 38.

II. But if the plaintiff below were a public officer, if his calling were something more than an employment, viz, an office, if his duty concerned the public, we have abundant authority in holding, although the precise question seems not to have been raised in our courts, that there can be no recovery where and when no services have been performed: Buler v. Penna., 10 How. U. S., 402; Connor v. Mayor, 5 N. Y., 285; Smith v. City N. Y., 37 N. Y., 516; Dolan v. N. Y. City, 68 N. Y., 282; McVeany v. Mayor, 80 N. Y., 190; City of Hoboken v. Gear, 3 Dutch, N. J., 265; Evans v. Trenton, 4 Zab. N. J., 764; Wayne Co. Auditors v. Benoit, 20 Mich., 176.

He was taken sick; he was five months absent from duty; he did not procure a certificate of a physician; he was not excused by any act of the council from procuring it. He is now asking compensation without earning it. He is attempting to hold the city to a strict compliance with the law. It is not unreasonable that he should be held to a strict compliance with his duty, and it is clearly his duty to obtain the certificate: Hunt v. Otis Company 4 Met. (Mass.,) 464; Noon v. Salisbury Mill, 3 Allen (Mass.,) 340.

III. Upon the 3d proposition we contend that the judgment should be reversed.

The plaintiff's claim before the alderman was for $300 as well as in the Court below, and was sued under the provisions of the Act of July 7th, 1879, P. L., 194, which gives aldermen, magistrates and justices, except in cities of the first class, jurisdiction of contracts when the sum demanded does not exceed three hundred dollars.

The Act is unconstitutional, because it offends against Article III. section 7 of the Constitution of Pennsylvania, wherein the same provides that "The General Assembly shall not pass any local or special law . . . . . regulating the practice or jurisdiction of . . . . . aldermen, justices of the peace," and wherein it provides that "The General Assembly shall not pass any local or special law . . . . . extending the powers and duties of aldermen, justices of the peace, magistrates, or constables."

The Act in question is a local or special law, because it does not apply to all the aldermen, magistrates and justices of the peace in the Commonwealth. The magistrates in the county of Philadelphia are not affected by its provisions.

These magistrates are "justices of the peace." They shall exercise the jurisdiction, civil and criminal, of aldermen : Art. V. sec. 12, Constitution Penn.

Aldermen and justices of the peace are synonymous terms in the new Constitution : Art. V. sec. 11, Constitution Penn.

They are by virtue of their office "*ex-officio* justices of the peace :" Act February 5th, 1875, sec. 12, P. L., 56.

The alderman, before whom suit in question was brought, was of the city of Wilkes-Barre, and he is commissioned in the same manner as justices of the peace of the Commonwealth.

*John Lynch*, for defendant in error.—Meyers was neither suspended nor discharged during the period of his illness. He therefore had title to the office and the salary attached thereto : City of Philadelphia v. Given, 60 Pa. St., 136 ; Com. v. Bacon, 6 S. & R., 322 ; County of Luzerne v. Trimmer, 95 Pa. St., 97.

The officer undertakes to perform the duties of the office whatever they may be : 1 Dill. Mun. Corp., § 234.

A person holding a public office has a *prima facie* right to the salary thereof, although he be physically disabled from performing his duties. If there be no law or regulation authorizing the discontinuance of the compensation during the disability, the only remedy is his removal : Sleigh v. U. S., 9 Ct. Cl., 369 ; 5 Wait, Act. & Def., 20 ; City of Philadelphia v. Ruik, 17 W. N. C., 136 ; 1 Dill. Mun. Corp., § 292 ; Field v. Com., 32 Pa. St., 478 ; O'Leary v. City of New York, 93 N. Y., 1.

"As to the stipulated allowance of an officer whether annual, *per diem*, or particular fees for particular services, depends on the will of the law makers ; and this whether it be by the legislation of the state, or a municipal body empowered to make laws for the government of a corporation :" Com. v. Bacon, 6 S. & R., 322 ; Norristown v. Fitzpatrick, 13 N., 124.

[City of Wilkes-Barre v. Meyers.]

The Act of July 7th, 1879, (P. L., 194), is not prohibited by the Constitution. Article V. section 12, provides, "In Philadelphia there shall be established for each thirty thousand inhabitants, one court not of record, of police and civil causes, with jurisdiction not exceeding one hundred dollars; . . . . . and shall exercise such jurisdiction civil and criminal, except as herein provided, as is now exercised by aldermen, subject to such changes, not involving an increase of civil jurisdiction or conferring political duties, as may be made by law. In Philadelphia the office of alderman is abolished:" Wissler v. Becker, 11 L. Bar, 187.

Mr. Justice TRUNKEY delivered the opinion of the Court, October 4th, 1886.

The plaintiff was appointed a police officer in 1881, and removed in April, 1884. Because of sickness he quit duty before the end of October, 1883, and performed no service during the next five months. In April, 1884, he served one week and was then removed. This action is to recover compensation for the five months during which he rendered no service.

In the city of Wilkes-Barre the compensation of policemen is fixed by resolution of council, and in 1853 was sixty dollars per month, payable monthly. An ordinance provides that "Any patrolman absent from duty without leave shall forfeit all pay for the time of such absence, and be fined, reprimanded or dismissed from the force, at the discretion of the council, except in cases of sickness when properly certified by a physician."

No physician certified that the plaintiff was sick. The members of the council knew it, but neither the council nor any committee gave him leave of absence, or in any way dispensed with the certificate.

It is contended by the plaintiff that his case is within the principle adopted in O'Leary v. City of New York, 93 N. Y., 1. But in that case the facts were different. There the plaintiff was first excused, then given leave of absence for an indefinite time, by the proper officer, and in September following the board removed him, the removal to take effect on the first of the preceding May. The Court held that the "defendant having excused the plaintiff for good and sufficient reasons from a temporary discharge of duty, and failing to take any action indicating an intention to relieve him from his office, must be regarded as assenting to his absence, and is estopped from insisting or claiming that the plaintiff was not in its employment."

It is well settled that a person holding a public office has a *prima facie* right to the salary thereof, although he be physi-

[City of Wilkes-Barre *v.* Meyers.]

cally disabled from performing his duties. If there be no law or regulation authorizing the discontinuance of the compensation during the disability, the only remedy is his removal. It may be granted that police officers are not excepted out of this general rule. But there was a regulation of the city providing that the officer absent from duty without leave should forfeit all pay during the time of such absence, except when sick and so certified by a physician. The plaintiff forebore to procure and give the certificate ; the council forbore to remove him. Had he brought himself within the exception, the councils at once might have ended liability by his removal. Under the circumstances the council preferred not to act. There is no pretence that his sickness was of such a nature as to prevent him procuring a certificate. The provision in the ordinance has like force as would a similar stipulation in a contract between employer and employé. That such contract binds the party was decided in Noon *v.* Salisbury Mills, 3 Allen, 340. The defendant's points should have been affirmed.

The defendant further contends that the Act of July 7th, 1879, P. L., 194, enlarging the jurisdiction of justices of the peace, is unconstitutional, and, therefore, the justice had no jurisdiction. The Act contains a proviso that it shall not apply to magistrates in cities of the first class. If this proviso shall be taken according to the literal meaning of its words the Act is void. However, is it not clear that the intention was only to except Philadelphia from the operation of the statute ?

Cities containing a population of three hundred thousand, or over, shall constitute the first class : Act May 23d, 1874. Philadelphia is the only city of the first class in the Commonwealth. It is notorious that there has been much legislation specially for Philadelphia, though expressed to be for cities of the first class. That phrase is sometimes used instead of the name Philadelphia.

The Constitution, Art. V., § 12, provides that in Philadelphia courts shall be held by magistrates, with jurisdiction not exceeding one hundred dollars, in civil cases, and that their civil jurisdiction shall not be increased.

Section 11 of the same article provides that justices of the peace or aldermen shall be elected in the several wards, districts, boroughs and townships ; and the power of the legislature to confer civil jurisdiction is unlimited. This section applies to all the State except Philadelphia.

Section 7, Art. III., prohibits the passing of any local or special law regulating the practice or jurisdiction of aldermen or justices of the peace, or extending their powers and duties.

At the argument it was contended that the legislature could not enlarge the jurisdiction of aldermen and justices of the

[City of Wilkes-Barre v. Meyers.]

peace in all the State, except Philadelphia, because such an Act would be local. That would be true if the Constitution itself did not make the exception. In that city the office of alderman is abolished, certain courts created, and the power of the legislature to change the civil jurisdiction of, or confer political powers on, said courts, is prohibited. But that city is excepted, and the power of the legislature to enlarge the civil jurisdiction of aldermen and justices of the peace in other parts of the State is unrestrained, save that it shall not be done by a local or special law. It must be general for all the State, except as otherwise provided in the Constitution.

Were the word " Philadelphia " in place of the words " cities of the first class," there would be no difficulty—in that case there could be no doubt of the constitutionality of the Act. That the legislature intended by the proviso, in pursuance of the Constitution, merely to except Philadelphia, cannot be doubted. Surely they did not intend that the Act should not apply to cities of the first class, should there be others besides Philadelphia some time in the future. They intended to enact a law; not to do a vain thing. In the attempt to obey the Constitution and to except Philadelphia out of the statute, they used a periphrasis instead of the proper name; and the phrase, " cities of the first class," may not always mean only Philadelphia. Having reference to the Constitution, and to prior statutes classifying cities, and to the fact that Philadelphia alone is in the first class, can the proviso be construed according to the obvious intent, to save the Act from being a nullity?

Among the rules for interpretation of statutes are the following:

The interpretation which renders a statute null and void cannot be admitted; it is an absurdity to suppose that after it is reduced to terms, it means nothing. It ought to be interpreted in such a manner as that it may have effect, and not to be found vain and illusive.

What tends to render an Act null and without effect, either in whole or in part, and consequently everything that introduces any change already agreed upon, is odious.

A thing within the intention is within the statute, though not within the letter; and a thing within the letter is not within the statute, unless within the intention.

If such rules may be applied in the interpretation of a statute as respects its subject, with stronger reason should they apply to a clause respecting its territorial operation. Restricting the application of the proviso to the only city in the first class, existing at the date of the Act, or now, and the Act is not a nullity. We are of opinion that the Act, so far as re-

3 AMERMAN—26

[Mattern *v.* McDivitt, Adm'r.]

lates to the jurisdiction of aldermen and justices of the peace, is constitutional.

This case will not often be a precedent to save statutes drawn in like manner. Were it not for the provision in the Constitution, for magistrates in Philadelphia, it would be impossible to hold that the phrase " cities of the first class," means only Philadelphia.

Judgment reversed.