## Iben *v.* Monaca Borough, Appellant.

Argued April 17, 1945. Before BALDRIGE, P. J.; RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*E. Y. Calvin,* with him *John D. Ray,* Borough Solicitor, for appellant.

*Lawrence M. Sebring,* for appellee.

OPINION BY HIRT, J., July 19, 1945:

Plaintiff, a police officer of defendant borough, was seriously injured in the line of duty, on November 25, 1942. He was not discharged nor removed from office but, thereafter, he received only workmen's compensation payments from the borough's insurance carrier. This action was brought under the Act of May 14, 1937, P. L. 632, 53 PS 327 [1] to recover salary at the established

---

[1] Any policemen or firemen of any city (except of the second class A), borough, town or township, who is injured in the perform-

rate for the period during which he was disabled (less workmen's compensation payments received) and for hospital and medical expense incurred. The verdict in his favor established that he was only temporarily disabled, by the injury. The refusal of judgment for defendant n. o. v. from which defendant appealed, raises the single question, of the constitutionality of the act. In the approach to the question it must be borne in mind that only a clear violation of the Constitution can nullify an act of assembly. *Tranter v. Allegheny Co. Authority,* 316 Pa. 65, 173 A. 289.

The act provides for compensation from disability, similar in some respects to the general Workmen's Compensation Acts. There is evidence that the act was intended as a compensation measure, though limited in scope, in the provision that the municipality shall take credit for all payments received by the injured officer as workmen's compensation. Salary is not to be paid as earnings during the limited period of disability but rather to make good the temporary loss resulting from injury in the service of the municipality. Cf. *Long v. City of Philadelphia,* 150 Pa. Superior Ct. 631, 29 A. 2d 243. But it is not a compensation act for workmen except in a narrow sense. The provisions of the act are mandatory and not elective and do not deprive the disabled employee of any common law rights. The act is

---

ance of his duties and by reason thereof is temporarily incapacitated from performing his duties, shall be paid by the municipality, by which he is employed, his full rate of salary, as fixed by ordinance or resolution, until the disability arising therefrom has ceased. All medical and hospital bills, incurred in connection with any such injury, shall be paid by such municipality. During the time salary for temporary incapacity shall be paid by the city, borough, town or township, any workmen's compensation, received or collected by a policeman or fireman for such period, shall be turned over to such city, borough, town or township, and paid into the treasury thereof, and if such payment shall not be so made by the policeman or fireman, the amount so due the city, borough, town or township shall be deducted from any salary then or thereafter becoming due and owing. (1935, June 28, P. L. 477, §1, as amended 1937, May 14, P. L. 632, §1.)

limited in its benefits to two classes of employees and does not apply to all municipal employees generally. The purpose of the Workmen's Compensation Acts was broadly humanitarian. Mingled motives prompted the present act. It contemplates total disability, but no liability of any kind attaches if the disability is permanent, though from injury in the performance of duty. From this limitation it is reasonable to assume that the best interest of the municipality and not the disabled officer was the prime consideration prompting its enactment. Efficient firemen and police officers must take chances; the performance of their duties are hazardous. The prospect of uninterrupted income during periods of disability well may attract qualified persons to these vocations and proper medical attention assures a reasonably speedy return of a temporarily disabled policeman or fireman to service essential to the community.

The act however does not depend upon the Constitutional Amendment of November 2, 1915, Art. 3, §21, for sanction. The enactment is in the same class as that construed in *Retirement Board v. McGovern*, 316 Pa. 161, 174 A. 400. Such laws, as there said, (p. 164) come "under the general power [of the assembly] to legislate on matters which are not interdicted by the Constitution. See Com. ex rel. v. Reeder, 171 Pa. 505, 513; also Tranter v. Allegheny County Authority, 316 Pa. 65. It is the sole judge as to laws that are in the interests of the public and have a tendency to procure for its people more competent and better performed public service." This is the generally accepted rule. 37 A. L. R. 1158. The act in question is a valid enactment under the police power of the state. The means adopted have a substantial relation to the purpose to be accomplished, i. e., to secure and to keep in service competent firemen and police officers in the interest of public safety and the protection of property. Cf. 141 A. L. R. 905. Both police and fire protection are not only of local concern but are matters in which the general public have a vital interest. 141

A. L. R. 898. "The power of the state to provide for the general welfare authorizes it to establish such regulations as will secure or tend to secure the people against the consequences of ignorance and incapacity": 11 Am. Jur., Constitutional Law, §275. This is not a case of abuse of legislative authority in the exercise of the police power and we may not refuse to give it effect on that ground. *Mo. Pac. Ry. v. Omaha*, 235 U. S. 121; *F.-K. Market House Co., Inc., v. Reading*, 310 Pa. 493, 503, 165 A. 398.

What the sovereign itself may do, it may require of a municipality—one of its administrative agents. "Municipal corporations are agents of the state, invested with certain subordinate governmental functions for reasons of convenience and public policy. They are created, governed, and the extent of their powers determined by the legislature, and subject to change, repeal, or total abolition at its will. They have no vested rights in their offices, their charters, their corporate powers, or even their corporate existence. This is the universal rule of constitutional law, and in no state has it been more clearly expressed and more uniformly applied than in Pennsylvania": *Com. v. Moir*, 199 Pa. 534, 49 A. 351; *Philadelphia v. Fox*, 64 Pa. 169. The legislature undoubtedly has the power to direct a municipality, from its funds, to pay salaries of policemen and firemen who perform a public service rather than purely corporate duties, together with medical expense, during periods of temporary disability. There is nothing in the Constitution prohibiting such legislation. It is unimportant that the method employed, has some of the attributes of workmen's compensation for loss of earning power.

The act is not in conflict with Article III, §7 of the Constitution. "The principle that the legislature may validly regulate where the need is most acute and except or exempt individual situations in which the need is not great, is well settled": *Haverford Twp. v. Siegle*, 346 Pa. 1, 28 A. 2d 786. And the fact that the act applies to

but two classes of municipal employees does not violate the above section of the Constitution forbidding the granting of any special or exclusive privilege to an individual. The test is whether there is valid reason for the classification. *Com. ex rel. Graham v. Schmid,* 333 Pa. 568, 3 A. 2d 701. In general, "classification is a legislative question subject to judicial revision only so far as to see it is founded on real and not merely artificial distinctions": *Equitable Cr. & Dis. Co. v. Geier,* 342 Pa. 445, 449, 21 A. 2d 53; *Commonwealth v. Grossman,* 248 Pa. 11, 93 A. 781; *Harr, Sec. of Bkg., v. Boucher,* 142 Pa. Superior Ct. 114, 126, 15 A. 2d 699. The basis for placing policemen and firemen in one favored class is reasonable and proper in the light of the quality of necessary public service sought to be obtained. The distinction between them and other municipal employees, generally, is real. Cf. *Laplacca et ux. v. Phila. R. T. Co.,* 265 Pa. 304, 308, 108 A. 612. *Kurtz v. Pittsburgh,* 346 Pa. 362, 31 A. 2d 257, does not control the disposition of the present case.

Judgment affirmed.