# White, Appellant, *v.* West Norriton Township.

Argued December 10, 1945. Before BALDRIGE, P. J., RHODES, RENO, DITHRICH, ROSS and ARNOLD, JJ. (HIRT, J., absent).

*Julian W. Barnard,* with him *Charles H. Brunner, Jr.,* for appellant.

*Russell J. Brownback,* for appellee.

OPINION BY BALDRIGE, P. J., January 18, 1946:

The appeal is from an entry of judgment by the learned court below on the pleadings in an action of assumpsit. The controversy arises over the application of the Act of June 28, 1935, P. L. 477, § 1, as amended and clarified by the Act of May 14, 1937, P. L. 632, § 1, 53 PS § 327, to the facts upon which the case is based.

On February 22, 1943, Howard D. White, the appellant, while engaged in the performance of his duties as a salaried policeman of West Norriton Township, the appellee, sustained an accidental injury, which temporarily incapacitated him. He did not work for a long time, but he gradually improved so that for a period of several months immediately preceding January 31, 1945, according to his averment, he "was performing a great many but not all of his duties as policeman of the Township of West Norriton." For reasons which do not appear in this record the township authorities on January 23, 1945, dismissed the appellant from the police force, effective as of January 31, 1945, and up to and including that date his full salary was paid. Since then the township has declined to make any payments and as a result this suit was brought.

The Act of 1937, supra, provides that "any policeman or fireman of any city (except of the second class A),

borough, town or township, who is injured in the performance of his duties and by reason thereof is temporarily incapacitated from performing his duties, shall be paid by the municipality, by which he is employed, his full rate of salary, as fixed by ordinance or resolution, until the disability arising therefrom has ceased." During the time of the temporary incapacity any sum received by the injured person under the Workmen's Compensation Act shall be turned over to the township. White complied with that requirement.

The appellant contends that although he has not been a township policeman since his dismissal, he is nevertheless entitled under the foregoing statute to be paid his full salary until there is a "complete disappearance of any degree of incapacity." The appellee, on the other hand, argues that the act has no application to a policeman injured in the line of his duty and temporarily incapacitated, who returned to uninterrupted active duty and thereafter was dismissed.

Prior to the Act of 1935 and its amendment, a policeman, if he became physically disabled and could not perform his duties, was entitled to his full rate of salary so long as he remained a policeman, unless there was an agreement, ordinance, rule, or regulation providing otherwise. The Supreme Court said in *The City of Wilkes-Barre v. Meyers,* 113 Pa. 395, 400, 6 A. 110: "If there be no law or regulation authorizing the discontinuance of the compensation during the disability, the only remedy is his removal." Our statute gave legislative sanction to the rule formerly enunciated by the Supreme Court, but modified it so that no ordinance, rule, or regulation could authorize the discontinuance of the full rate of salary to a policeman or fireman during temporary incapacitation as a result of injury sustained in the performance of his duties.

In the case of *Iben v. Monaca Borough,* 158 Pa. Superior Ct. 46, 43 A. 2d 425, we had occasion to construe the Act of 1937, supra. Speaking through Judge HIRT,

we held that the act was intended as a compensation measure that whatever money was paid during the period of temporary disability was not salary, but rather to make good the temporary loss resulting from injury sustained while in the service of the municipality. It will be noted that the act applies to a policeman or fireman "temporarily incapacitated from *performing his duties*" (Italics supplied). When his incapacity ceases to an extent that the injured person returns to work, performs such duties as are assigned to him and is paid his regular salary, he is no longer suffering any temporary financial loss.

This court is convinced that the appellant has failed to bring himself within the provisions of the statute we have been considering.

Judgment entered by the court below is affirmed.