**Kurtz v. Erie**

*Gerald A. McNellis*, for plaintiff.

*Gerald A. Weber*, City Solicitor, for defendant.

LAUB, J., March 10, 1955.—This is a complaint in assumpsit to recover compensation or damages to plaintiff's decedent, allegedly the result of overexertion in the course of employment as a city fireman. Defendant has filed preliminary objections. It is our purpose to consider the objections at this time.

The cause of action alleged in the complaint is based upon the following alleged facts: Carl Kurtz, during his life was employed as a city fireman from March 1, 1920, until February 16, 1952, at a salary which at that time was at the rate of $300 per month. On February 11, 1952, while performing his duties as fireman at a fire in the city, Kurtz sustained a heart attack due to the stress and strain of attaching couplers and carrying heavy objects, and because of heat, smoke, fumes and gases. He was removed to his fire station in a disabled condition and, on February 16, 1952, because his condition persisted, was forced to retire from his position as fireman. On October 21, 1954, Kurtz died as a result of a heart attack at the age of 68 years. The action is being prosecuted by his administrator. It is also alleged in the complaint that the deceased exhausted his remedies before the workmen's compensation board.

The demand for damages is in the alternative, the allegations being that the administrator is entitled to recover reimbursement for loss of earnings as provided in the Act of June 28, 1935, P. L. 477, as amended, or is entitled to $30 a week from February 16, 1952,

to October 21, 1954, under the occupational disease provisions of the same act.

The preliminary objections take two forms. It is first alleged that the complaint is not specific and that a more specific complaint should be required. The second objection takes the form of a demurrer based upon the city's interpretation of the provisions of the Act of 1935, supra. We shall dismiss the motion for a more specific complaint without discussion because, in our opinion, the complaint sufficiently complies with the law and the rules pertaining thereto. The problem raised by the demurrer is more difficult.

The statute in question was twice amended at the 1951 regular session of the General Assembly. We are here concerned with the amendment of September 27, 1951, P. L. 1473, sec. 2, 53 PS §327, which in its pertinent parts is as follows:

"Any policeman or fireman of any county, city, borough, town or township, who is injured in the performance of his duties . . . and by reason thereof is temporarily incapacitated from performing his duties, shall be paid by the county, township or municipality, by which he is employed, his full rate of salary, as fixed by ordinance or resolution, until the disability arising therefrom has ceased. All medical and hospital bills, incurred in connection with any such injury, shall be paid by such county, township or municipality. . . . Provided, however, That in the case of salaried policemen and firemen, the diseases of the heart and tuberculosis of the respiratory system, contracted or incurred by any such policeman or fireman after four years of continuous service as such, and caused by extreme overexertion in times of stress or danger or by exposure to heat, smoke, fumes or gases, arising directly out of the employment of any such policeman or fireman, shall be compensable in accordance with the terms hereof; and unless any such disability shall

be compensable under the compensation laws as having been caused by accidental injury, such disability shall be compensable as occupational disease disabilities are presently compensable under the compensation laws of this Commonwealth."

The city, by its demurrer and in its brief, contends that the action must fail because deceased was not "temporarily incapacitated" from performing his duties. It is the city's view that the first portion of the act distinctly applies to temporary incapacity from performing duties and that when it says, in dealing with diseases of the heart and tuberculosis, they "shall be compensable in accordance with the terms hereof" it is meant that such disease must be temporarily incapacitating before liability accrues. We think the city is obviously wrong in its premise. The proviso in the amendment does not, in any manner, restrict the application of the act to temporary disability in so far as disease of the heart and tuberculosis are concerned. Had the legislature intended to restrict these diseases to temporary conditions it would have done so merely by saying, ". . . who is injured in the course of his duties or who, after four years of service has contracted diseases of the heart and tuberculosis of the respiratory system caused by extreme overexertion in times of danger or by exposure to heat, smoke, fumes or gases, arising directly out of the employment of such policeman or fireman, and by reason thereof is temporarily incapacitated from performing his duties, etc." Since the legislation did not do this, we must assume that it meant what it said, namely, that in the case of temporary incapacity by reason of injury, or in case of diseases of the heart or tuberculosis of the respiratory system under the circumstances outlined, compensation should be as stated in the act. Thus, there is no condition of impermanency attached to the diseases mentioned.

It may be important to analyze the reasons why the legislature took the course which it followed. In Iben v. Borough of Monaca, 158 Pa. Superior Ct. 46 (which preceded the amendment now under consideration), the Superior Court concluded that the act was designed in the best interests of the municipality in order that personnel would be attracted to the hazardous professions of policemen and firemen. It was also decided that the act did not apply to individuals who were permanently disabled. To the same effect was the decision in White v. West Norriton Township, 158 Pa. Superior Ct. 375, a case which also preceded the amendment now under consideration. It may well be that the legislature having these decisions before it and recognizing that diseases of the heart and tuberculosis of the respiratory system are not often of a temporary nature, decided to include these diseases as compensable ones in any event since these are common, occupational hazards to the occupation of policeman and fireman. It is more than probable that the legislature decided to eliminate the question of permanency in cases involving these diseases because it wanted first to make the position of fireman and policeman attractive and second to supply adequate compensation to those worthy individuals who took the risk in the public's health and suffered thereby.

It seems important also to point out that even though we were to accept the city's position, there would still be no ground for sustaining the demurrer. While it is true that paragraph 6 of the complaint avers that plaintiff's decedent was forced to retire permanently from his position on February 16, 1952, there is no allegation as to the type of retirement involved. If it were of the common type of disability retirement, then it would be effective only so long as Kurtz remained disabled. However, there is no allegation that the disability was permanent and hence noth-

ing on the record to show that his disease was permanent in nature. It is the permanency of the disability and not the fact of permanent retirement which would be in issue on this point. This is a matter which would require testimony. The period of temporary incapacity can be determined only by the hearing of testimony indicating when the period has ended. No one has the right to forecast it when the disability commences and no one can say when it has ended until there is evidence in support of such conclusion. Temporary, as distinguished from permanent, disability is a condition which exists until the injured party is as far restored as the permanent character of the injuries will permit: Stromberg Motor Device Co. v. Industrial Commission, 305 Ill. 619, 137 N. E. 462, 464. Thus, even though a man may retire permanently, he may still have temporary disability extending past the date of the commencement of his retirement.

Added to the difficulties arising from the language of this inartistically drawn statute is the portion which follows the proviso applying the act to diseases of the heart and tuberculosis of the respiratory system. The act states that unless such disability "shall be compensable under the compensation laws as having been caused by accidental injury, such disability shall be compensable as occupational disease disabilities are presently compensable under the compensation laws of this Commonwealth." As we construe this language it means that the full salary provision applies if the disability is compensable as an accidental injury but that only such compensation as would be allowed under the occupational disease laws would apply if the disability was not compensable as an accidental injury. It seems to us that this language would be meaningless under any other construction. It could not mean that the employe could only get compensation under the workmen's compensation laws for an accidental

injury because that remedy was open to the employe prior to the act. Furthermore, the amendment of May 16, 1951, P. L. 301, sec. 2, 53 PS §327, specifically provides that during the time full salary is paid under the act, the employe must return to the municipality such compensation which he receives under the workmen's compensation laws. Under workmen's compensation there are circumstances where diseases of the heart, etc., are compensable as accidental injuries (See DeEsch v. Emmaus Borough, 143 Pa. Superior Ct. 225) and circumstances under which they are not so compensable. See Crispin v. Leedom and Worrall Co., 341 Pa. 325; see also 1 Skinner's Pennsylvania Compensation Law 285, Fourth Ed. It is this latter type of disability which the legislature intended to cover by applying thereto the rate and method of compensation which obtains under the occupational disease laws. It did not intend to relegate the employe to the provisions of the occupational disease laws insofar as allowable claims are concerned.

Since the determination of the character and type of disability and whether or not the same was compensable as an accidental injury is a question which depends upon the production of testimony, we again have a problem which can only be resolved by a finder of facts. We see no significance in the allegation in the complaint that plaintiff had exhausted his remedies before the workmen's compensation board. While it is desirable that employes apply for workmen's compensation wherever possible, there is nothing in this act which makes such action mandatory nor is there anything which precludes recourse to this statute after application for compensation has been made.

And now, to wit, March 10, 1955, the preliminary objections heretofore filed are dismissed and defendant is given 20 days to answer over.