## Carbone v. Philadelphia

*William T. Campbell, Jr.*, for plaintiff Carbone.
*Stanley M. Greenberg*, for plaintiff Tracey.
*William D. Valente*, for defendant.

LEVINTHAL, J., November 13, 1955.—Plaintiff Carbone sues in assumpsit for money allegedly due her under the Act of June 28, 1935, P. L. 477, as amended by the Act of September 27, 1951, P. L. 1473, 53 PS §327, because of the death of her husband. He died February 26, 1954, from a disease of the heart alleged to have been contracted through extreme overexertion in times of stress and danger arising out of his employment by the City of Philadelphia as a policeman.

Plaintiff Tracey makes a similar claim, her husband having died May 14, 1955, while employed by the city as a fireman.

Defendant filed five preliminary objections to each complaint. It is unnecessary to discuss four of the

objections, as we are of the opinion that the fifth, to wit, that there is no right of action for the death of a fireman or policeman under the statute, is meritorious and disposes of the claims in both these suits.

The Act of 1935 reads as follows:

"Any policemen or firemen of any county, city, borough, town or township, who is injured in the performance of his duties, including, in the case of firemen, duty as special fire police, and by reason thereof is temporarily incapacitated from performing his duties; shall be paid by the county, township or municipality, by which he is employed, his full rate of salary, as fixed by ordinance or resolution, until the disability arising therefrom has ceased. All medical and hospital bills, incurred in connection with any such injury, shall be paid by such county, township or municipality. During the time salary for temporary incapacity shall be paid by the county, city, borough, town or township, any workmen's compensation, received or collected by a policeman or fireman for such period, shall be turned over to such county, city, borough, town or township, and paid into the treasury thereof, and if such payment shall not be so made by the policeman or fireman, the amount so due the county, city, borough, town or township shall be deducted from any salary then or thereafter becoming due and owing."

The amendment of 1951 adds the following:

"Provided, however, That in the case of salaried policemen and firemen, the diseases of the heart and tuberculosis of the respiratory system, contracted or incurred by any such policeman or fireman after four years of continuous service as such, and caused by extreme overexertion in times of stress or danger or by exposure to heat, smoke, fumes or gases, arising directly out of the employment of any such policeman and fireman, shall be compensable in accordance with

the terms hereof; and unless any such disability shall be compensable under the compensation laws as having been caused by accidental injury, such disability shall be compensable as occupational disease disabilities are presently compensable under the compensation laws of this Commonwealth."

It is to be noted that prior to the amendment of 1951 the Act of 1935 was applicable only to temporarily disabled policemen and firemen. From such limitation the Superior Court reasoned in Iben v. Monaca Borough, 158 Pa. Superior Ct. 46, 49 (1945), that the legislature was motivated primarily by a desire to serve the best interest of the municipality rather than of the disabled officer, by attracting better qualified persons to police and fire service and by assuring proper medical care in case of injury in order to speed their return to duty. Admittedly, the amendment of 1951 reflects a greater concern for the disabled officer. Nevertheless, it is an unquestioned fact that nowhere does the Act of 1935 or the amendment of 1951 mention death or compensation for death.

The particular words of the amendment upon which plaintiffs rely are:

". . . such disability shall be compensable as occupational disease disabilities are presently compensable under the compensation laws of this Commonwealth." The substance of plaintiffs' argument is that "disability" should be read as disability and death, because The Pennsylvania Occupational Disease Act of June 21, 1939, P. L. 566, 77 PS §1201 et seq. (the only compensation law of this Commonwealth providing for occupational disease disabilities) sets forth provisions for both disability and death benefits. We cannot agree with this line of reasoning.

The language of the amendment of 1951, supra, seems clear to us. The word "disability" should be

accorded its common, every-day meaning which excludes death: Statutory Construction Act of May 28, 1937, P. L. 1019, sec. 33, 46 PS §533. This view is supported by the fact that the legislature distinguished between the words "disability" and "death" by employing them separately and alternately in The Pennsylvania Occupational Disease Act, supra. See, e.g., 77 PS §§1401, 1406, 1407, 1408. Moreover, since the Act of 1935 provided for no compensation for permanent disability or for death, prior to the amendment, the legislature should have more clearly extended "disability" to include death benefits, if such were actually its intention.

In our opinion, the amendment of 1951 is intended to apply to heart and lung cases of firemen and policemen the compensation schedule provided in The Pennsylvania Occupational Disease Act, supra, only for disability claims, and not for death claims. If the legislature had intended to apply that act's separate compensation schedule for death to heart and lung cases, it should have said so explicitly. In Kusza v. Maximonis et al., 363 Pa. 479, 70 A. 2d 329, the court said, at page 482:

"In construing a statute, the court must ascertain and give effect to the legislative intention as expressed in the language of the statute, and cannot, under its powers of construction, supply omissions in a statute, especially where it appears that the matter may have been intentionally omitted: Commonwealth ex rel. Cartwright v. Cartwright et al., 350 Pa. 638, 645, 40 A. 2d 30."

It is contended by defendant that an action for compensation of a fireman or policeman even for disability (as distinguished from death) by reason of a heart or lung disease, cannot be sustained, because the Act of 1933, as amended, is claimed to be unconstitutional and invalid. That question, however, is not

now before us in these two cases and is, therefore, not considered in this opinion.

The preliminary objection aforementioned is sustained in both cases.