## Flaherty *v.* McKeesport, Appellant.

Argued November 13, 1958. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, ERVIN, and WATKINS, JJ. (WOODSIDE, J., absent).

*A. J. Rosenbleet,* City Solicitor, for appellant.

*T. Robert Brennan,* with him *Brennan & Brennan,* for appellee.

Opinion by Hirt, J., March 18, 1959:

The plaintiff had been a police officer of the City of McKeesport for upwards of twenty years. On April 10, 1947, while operating a motorcycle in the line of duty, he was violently struck by an automobile in a street intersection. He was thrown "over top of the car, over onto the opposite side of the street." His injuries were serious, especially to the lower back; in addition, irritation of the sciatic nerve caused disabling muscle spasms in his legs; his coccyx was fractured and was later removed. He was hospitalized, and after his discharge he received frequent medical attendance from his doctor. He was fitted with a brace for his back which he has worn constantly since the accident.

In January 1948 plaintiff went back to work as a policeman in the service of the City. But because of his back injury he was assigned to work on the records and files in the Detective Bureau of the city and he did not return to his former duties as a patrolman. During the period of his total disability ending in January 1948 the plaintiff was paid "his full rate of salary" by the city in accordance with the Act of June 28, 1935, P. L. 477, 53 PS §327, renumbered §637 in the revision of the title. In addition he was reimbursed for his hospital and medical expense. He worked without interruption until July 3, 1956, when he suffered a recurrence of total disability which under the medical testimony had a direct causal relationship with the injury of April 10, 1947. Again his total disability was of temporary duration and he returned to his work in the police department about 3½ months later on September 18, 1956. He has been able to perform the duties assigned to him without interruption since that date. This action was brought to recover his salary and his medical and hospital expense for the period of his temporary total incapacity resulting from the above

recurrence of his original injury. There was no dispute as to the amount of his loss, and the jury under proper instructions found for the plaintiff in the sum of $1,217.81, upon which judgment was entered by the court en banc.

The 1935 Act as amended provides: ". . . any policeman, fireman or park guard of any county, city, borough, town or township, who is injured in the performance of his duties including, in the case of firemen, duty as special fire police, and by reason thereof is temporarily incapacitated from performing his duties, shall be paid . . . by the county, township or municipality, by which he is employed, his full rate of salary, as fixed by ordinance or resolution, until the disability arising therefrom has ceased" and in addition, "all medical and hospital bills, incurred in connection with any such injury . . ."

In this appeal, from the refusal of judgment for the defendant n.o.v., it is contended that a police officer who has once recovered under the above Act, following total disability from an injury, is not entitled to salary and medical expense during a temporary period of a subsequent recurrence of total disability from the same injury. We find no merit in the contention. In *Iben v. Monaca Borough,* 158 Pa. Superior Ct. 46, 43 A. 2d 425, we had occasion to construe the above Act. We there held: "The purpose of the Workmen's Compensation Acts was broadly humanitarian. Mingled motives prompted the present act. It contemplates total disability, but no liability of any kind attaches if the disability is permanent, though from injury in the performance of duty. From this limitation it is reasonable to assume that the best interest of the municipality and not the disabled officer was the prime consideration prompting its enactment. Efficient firemen and police officers must take chances; the performance

of their duties are hazardous. The prospect of uninterrupted income during periods of disability well may attract qualified persons to these vocations and proper medical attention assures a reasonably speedy return of a temporarily disabled policeman or fireman to service essential to the community." The Act in its practical application has been referred to also in *White v. West Norriton Twp.*, 158 Pa. Superior Ct. 375, 45 A. 2d 401; *Kurtz v. Erie*, 389 Pa. 557, 133 A. 2d 172.

The present plaintiff clearly suffered a permanent injury but without resulting permanent disability. The testimony demonstrates that following the initial period of 9 months when he was totally disabled, the plaintiff worked steadily for eight years and fully discharged the duties of a police officer which were assigned to him. Total disability then recurred which incapacitated him for a period of about two months. The Act does not limit compensation to a disabled police officer, for the initial period immediately following an injury in the line of duty. On the contrary so long as the total disability does not become permanent, it is within the contemplation of this legislation that an officer, who returns to work, still may be compensated during periods of total disability, related to the injury, which are of temporary duration.

Judgment affirmed.