## Commonwealth *v.* Bricker, Appellant.

Argued January 3, 1962. Before BELL, C. J., MUS-
MANNO, JONES, COHEN, EAGEN and O'BRIEN, JJ.

reargument refused March 30, 1962.

*Glenn W. Bricker,* appellant, in propria persona.

*Matthew W. Bullock, Jr.,* Assistant City Solicitor,
with him *Arlen Specter,* Assistant District Attorney,
*Paul M. Chalfin,* First Assistant District Attorney,
*James C. Crumlish, Jr.,* District Attorney, *James L.
Stern,* Deputy City Solicitor, and *David Berger,* City
Solicitor, for Commonwealth, appellee.

OPINION BY MR. CHIEF JUSTICE BELL, March 13,
1962:

These are companion cases arising out of a set of
circumstances following the arrest of the defendant on
March 29, 1961, on which date the defendant was op-
erating his automobile on East River Drive in Fair-

mount Park, Philadelphia. The cases were argued together and will therefore be disposed of in one opinion.

· On March 29, 1961, a traffic summons was issued by a Fairmount Park guard alleging that the defendant was operating at a speed of 50 miles an hour in a 35 mile an hour zone and notifying him to appear before Magistrate Marotta in traffic Court at 800 North Broad Street on April 5, 1961. Defendant appeared at that time and attempted to defend on the ground that since the summons alleged that he was operating at 50 miles an hour the Commonwealth must prove that he was operating at 50 miles an hour, not merely that he was exceeding 35 miles an hour, which he readily admitted. He also tried to introduce testimony as to the size of the tires on the police car and whether they were the same tires that were on the car at the time when its speedometer was tested. Defendant contended that this testimony would affect the reliability and accuracy of the evidence of speed as disclosed by the speedometer of the policeman's car. The magistrate rejected the defendant's contentions, adjudged him guilty and ordered him to pay a fine of $10 and $5 costs. Defendant refused to pay the fine and costs and in lieu thereof posted $25 bail to obtain his freedom.

Thereafter, defendant tried unsuccessfully to obtain a transcript from the Magistrate and on the 9th day, being fearful that the time for an appeal would lapse, filed a petition in the Miscellaneous Court of Quarter Sessions for a rule upon the Commonwealth to show cause why the order of the Magistrate should not be vacated. The rule was granted. On May 5, 1961, the matter came before Judge MILNER, sitting in the Court of Quarter Sessions. Judge MILNER held (1) that the procedure was improper, (2) that the defendant (a) should have appealed to the Court of Quarter Sessions, or (b) should have obtained a writ of certiorari issued out of the Court of Common Pleas. Accordingly, he discharged the rule, but stated that in the interest of

justice he would treat defendant's petition for a rule to show cause as an appeal. Defendant took no appeal from this order and made no objections to the ensuing hearing as on appeal and participated therein. In addition to the same defense which he had attempted to raise before the Magistrate, he raised an additional contention, viz., the Magistrate did not have jurisdiction because the Act* purporting to establish the "Traffic Court of Philadelphia" was local legislation and therefore unconstitutional as violative of Article III, §7 of the Constitution of Pennsylvania.

Judge MILNER rejected all of the defendant's contentions, adjudged him guilty and imposed a fine of $10 and $5 costs. Defendant appealed from this sentence, and the validity of this sentence is the subject of the first appeal here pending.

Judge MILNER properly rejected the defendant's contentions.

The Constitution in Article V, §12, clearly and specifically provides: "In Philadelphia there shall be established, for each thirty thousand inhabitants, one court, not of record, of police and civil causes, with jurisdiction not exceeding one hundred dollars; such courts shall be held by magistrates whose term of office shall be six years, . . ." The Constitution in this provision was not self executing. It merely declared that magistrates' courts shall be established and there was thereby imposed on the Legislature the power and the duty to enact laws creating and regulating magistrates' courts in Philadelphia in accordance with the provisions of the Constitution. Unlike legislation under other provisions of the Constitution** which in or-

---

* Act of June 14, 1957, P. L. 315, adding Sections 10.1 et seq. to the Magistrates' Court Act of 1937 (Act of June 15, 1937, P. L. 1743).

** For example, Article V, §11, provides for justices of the peace and aldermen in cities containing over fifty thousand inhabitants, and in all other parts of the Commonwealth except Philadelphia; *In re Cahill*, 110 Pa. 167, 20 A. 414.

der to be valid must be general and based upon reasonable classifications, the Constitution itself provides for magistrates "in Philadelphia." Therefore, the Legislature in enacting legislation dealing with magistrates' courts *in Philadelphia* could properly specifically so provide. Such an Act with appropriate title has been held constitutional: *Gottschall v. Campbell*, 234 Pa. 347, 83 A. 286, and cases cited therein; *City of Wilkes-Barre v. Meyers*, 113 Pa. 395, 6 A. 110. In *Gottschall v. Campbell*, supra, the Court sustained the Act of May 5, 1911, P. L. 198, in which the Legislature established a County Court in Allegheny County and said (page 351) : "The objection that the legislation is local and special would be unanswerable, were it not for the fact that the constitution itself has made a classification with reference to the creation, regulation and powers of the courts, in which the County of Allegheny is treated as a distinct division, and the County of Philadelphia as another, . . ."

It follows that the defendant's legal and constitutional contentions are devoid of merit and since there was adequate evidence to support his guilt, the sentence must be affirmed.

On June 21, 1961, the defendant presented a petition for a writ of certiorari to Magistrate Marotta in order to raise once again his above mentioned objections, and on June 23, Judge MILNER ordered the writ to issue. On September 8, 1961, the Commonwealth filed a motion to quash the writ of certiorari. On September 29, 1961, after considering the Commonwealth's motion and defendant's answer thereto, Judge MILNER granted the motion to quash. He correctly held that, under the authority of *Commonwealth v. Conn*, 183 Pa. Superior Ct. 144, 130 'A. 2d 253, which in turn relied upon *City v. Kendrick*, 1 Brewster 406, a defendant who has been convicted in a summary proceeding before a magistrate must make his election to proceed either by appeal or by certiorari, but he cannot do

both. Defendant has filed an appeal from this Order and the validity of this Order is the subject of his second appeal to this Court.

We have considered all of the contentions of the defendant in both appeals and find no merit in any of them.

The Order of and the sentence imposed upon the defendant by the Court of Quarter Sessions of Philadelphia County on May 5, 1961, is affirmed.

The Order of the Court of Common Pleas No. 3 of Philadelphia County, dated September 29, 1961, is affirmed.

The costs of these appeals shall be paid by the defendant.