Toth, Appellant, v. Bergstein.

Argued November 9, 1965. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, and HOFF-MAN, JJ. (FLOOD, J., absent).

*John S. VanKirk,* for appellant.

*Jack L. Bergstein,* with him *Ezerski and Shire,* for appellee.

OPINION BY WRIGHT, J., December 16, 1965:

On May 12, 1959, after hearing in an assumpsit action, a Justice of the Peace in South Huntingdon Township, Westmoreland County, entered judgment in favor of Alfred S. Toth and against Adolph Bergstein in the amount of $494.18. The record discloses that both Toth and Bergstein were sworn and testified at the hearing. On May 23, 1961, a transcript was filed in the court of common pleas and judgment entered. On November 7, 1963, an execution was issued. On November 15, 1963, Bergstein filed a praecipe for a writ of certiorari with exceptions. The court below directed that, upon entry of an appropriate bond, the certiorari should operate as a supersedeas. On April

23, 1964, an opinion and decree was filed dismissing the exceptions and vacating the order of supersedeas. On November 2, 1964, Bergstein petitioned for the allowance of an appeal nunc pro tunc, upon which petition a rule to show cause was granted. On November 20, 1964, Toth moved to strike off the petition for appeal nunc pro tunc. On August 25, 1965, an opinion and decree was filed dismissing Toth's motion to strike, and making the rule to show cause absolute. Toth has appealed to this court.

The decree of April 23, 1964, was a final judgment in Toth's favor: *Perroni v. Thornberry,* 173 Pa. Superior Ct. 647, 98 A. 2d 641. The court below erred in thereafter granting Bergstein leave to appeal nunc pro tunc. The instant appeal is flatly ruled by *First National Bank v. Fair,* 72 Pa. Superior Ct. 457. That case involved an assumpsit action on a note. A judgment of the justice of the peace in favor of the plaintiff was affirmed on certiorari. Subsequently, as in the case at bar, the court of common pleas made absolute a rule to show cause why the defendant should not be allowed to appeal nunc pro tunc. This court reversed on the ground that the remedies of certiorari and appeal could not both be employed.

In *Commonwealth v. Conn,* 183 Pa. Superior Ct. 144, 130 A. 2d 253, the defendant proceeded first by appeal. In affirming a subsequent refusal of the court of common pleas to issue a writ of certiorari, we ruled that "a defendant cannot have an appeal and also a certiorari". In *Commonwealth v. Bricker,* 406 Pa. 422, 178 A. 2d 699, our Supreme Court held that a defendant must make an election to proceed either by appeal or certiorari and that, once he elects to pursue one procedure, he is barred from pursuing the other. Lower courts have long been in accord: *City v. Kendrick,* 1 Brewster 406; *Teter v. Cook,* 2 Pa. C. C. 171; *Russell v. Shirk,* 3 Pa. C. C. 287; *Dehart v. Kerlin,* 4 Pa. C. C.

396; *Finley v. Smith,* 7 Pa. C. C. 661; *Wertzer v. Herchelroth,* 8 Pa. Dist. Rep. 426; *Malitz v. Grabofsky,* 27 Pa. Dist. Rep. 394.

Order reversed, and rule discharged.

HOFFMAN, J., dissents.