**Commonwealth v. Stahl**

*Oscar F. Spicer,* for Commonwealth.

*F. Joseph Larkin,* for defendant.

MacPHAIL, P. J., May 18, 1973.—In this case, defendant was issued a citation for violating section 1002-(b)(6) of The Vehicle Code of April 29, 1959, P. L. 58, as amended, 75 PS §1002, a summary offense. Thereafter, a warrant was issued for defendant's arrest. A hearing was held before the issuing authority and defendant was found guilty. Defendant paid his fine and costs on December 13, 1972. On December 21, 1972, defendant filed a notice of appeal. On February 7, 1973, defendant filed a petition for a writ of certiorari requesting that the proceedings be quashed by reason of alleged fatal errors in procedure and in the transcript of the issuing authority. The writ was issued.

At the Commonwealth's request, the hearing of the appeal was postponed pending a disposition of the certiorari proceedings. The Commonwealth contends that defendant, having-taken an appeal from the decision of the issuing authority, is now barred from certiorari. That is the precise holding of Commonwealth v. Conn, 183 Pa. Superior Ct. 144 (1957), under a factual situation similar to but not identical with the factual situation now before us. The Conn case and the holding thereof was cited with approval in Commonwealth v. Bricker, 406 Pa. 422 (1962).

Defendant contends that the duty imposed upon defendant to elect between the remedy of appeal and certiorari is no longer applicable in light of the recent amendments to the Pennsylvania Constitution and the provisions of the Minor Judiciary Court Appeals Act of December 2, 1968, P.L. 1137, 42 PS §3001, et seq. We disagree. Section 26 of the schedule to Article V, of the Pennsylvania Constitution simply provides that certiorari is still a remedy available within the courts to assure that "right and justice . . . be done." We attach no singular importance to the language that

certiorari shall be available "in addition to" the right of appeal. The language merely confirms that the common-law remedy of certiorari is undisturbed by the amendments to the Constitution. This does not change prior practice and therefore the decision in Commonwealth v. Conn is fully applicable. Section 6 of the Minor Judiciary Court Appeals Act has the same effect and nearly the identical language with section 26 of the schedule to Article V of the Constitution. The primary difference in language is that section 6 of the act is directed exclusively to the issuance of writs of certiorari by the courts of common pleas to minor judiciary courts.

None of the other reasons advanced by defendant in support of the petition for certiorari are meritorious, not being supported by case law, statutory law or procedural rule.

Accordingly, we hold that defendant, having elected to appeal from a summary conviction, cannot subsequently seek a remedy from the courts by certiorari in the same manner.

## ORDER

And now, May 18, 1973, the prayer of the petition for certiorari is denied at the cost of petitioner. The district attorney is directed to list the summary appeal for hearing at the next regularly scheduled criminal business court.