## Smith v. Mosier

*Richard J. Shiroff, Philip M. Hof,* for plaintiff.
*John D. DiGiacomo,* for defendants.

WILLIAMS, *S.J.*, April 2, 1984—Plaintiff seeks to recover damages which he alleges he sustained while a gratuitous invitee on the premises of defendants. His complaint alleges that defendants own land, a portion of which boarders on Brodhead Creek. That he was swimming in the creek. That he observed a rope fastened to a tree. That he swung out over the stream on the rope and then dove head first into the water. He alleges that the water was shallow due to a drought. That he struck rocks on the bottom of the stream and broke his neck.

The complaint alleges that defendants had, for many years, permitted the area to be used for swimming. That defendants knew that the rope was tied to the tree located along the shore line for the purpose of swinging and diving into the stream. That defendants failed to give notice to him that the water had become shallow by reason of the drought. That they did not post trespass or warning notices despite the fact that they knew that the area was used by the general public for swimming.

Defendants, in their answer, allege that prior to the accident they posted notices against trespassing on the premises. Under new matter they allege that plaintiff was using their land for recreational purposes without the payment of an admission price or fee to enter the land.

Depositions of all parties to the litigation have been taken and filed.

The matter is now before us on a motion by defendants for summary judgment. They assert in their

motion that "any liability of the Defendants is limited by the Pennsylvania Recreational Use of Land and Water Act, 68 Purdons, Section 477-1".

## DISCUSSION

Plaintiff asserts (1) that the Recreational Use of Land and Water Act does not apply to this case because the husband-owner, in his deposition, testified that he did various acts to keep people from using his property for swimming purpose. He testified that he posted trespass notices on the property; that he shot down the rope with a shotgun and that he placed a barrier across the road to prevent vehicle traffic from entering his property. That the immunity granted by the aforesaid act only is granted one who permits the use of his land for recreational purposes.

Secondly, he contends that the Act is unconstitutional.

Under Section 2 of the Act, swimming is defined as a recreational purpose.

Section 477-3 of the Act provides:

"§477-3. Duty to keep premises safe; warning

Except as specifically recognized or provided in section 6 of this act,[1] (Footnote omitted.) an owner of land owes no duty of care to keep the premises safe for entry or use by others for recreational purpose, or to give any warning of a dangerous condition, use, structure, or activity on such premises to persons entering for such purposes."

Section 477-4 of the Act provides:

"§477-4. Assurance of safe premises; duty of care; responsibility, liability

Except as specifically recognized by or provided in section 6 of this act, (Footnote omitted.) an owner of land who either directly or indirectly invites or permits without charge any person to use such

property for recreational purposes does not thereby:

(1) Extend any assurance that the premises are safe for any purpose.

(2) Confer upon such person the legal status of an invitee or licensee to whom a duty of care is owed.

(3) Assume responsibility for or incur liability for any injury to persons or property caused by an act of omissions of such persons."

The provisions of §477-6 of the Act have no application to the instant case.

It is clear from the allegations in the complaint and the deposition of plaintiff that he was using defendants' land for recreational purposes without paying a charge therefor. He testified that on July 13, 1980, he gained access to the stream by walking through a corn field. That he saw a person there whom he could neither describe or identify who asked him what he was doing and he replied that he was going swimming. The man asked him not to step on his corn and he did not. That there were no trespass notices posted and that others were swimming in the area. That his two cousins, who took him to the area, swung on the rope and dropped feet first in the water and were not injured. He then swung on the rope, dove head first into the water, struck his head on a rock in the bottom of the stream, causing his injuries.

We have difficulty in adopting plaintiff's position that the immunity granted by the Recreational Use Act is not applicable to this case, because defendants did not permit the use of the stream for swimming by the public. Plaintiff avers the contrary in his complaint. See Paragraph Four of the complaint. To the same tenor is the deposition of plaintiff. Plaintiff asserts that he was an invitee on the premises. Plaintiff's case, as set forth in the complaint, as well as his deposition, is that he was either directly

or indirectly invited by defendants to use the premises for swimming. Under this theory of the case, the Recreational Use Act is applicable to the instant case.

This case is ruled by Wiegand v. Mars National Bank, Superior Court of Pennsylvania, 308 Pa. Super. 218; 454 A.2d 99 (1982). In that case, a 16 year old boy was injured playing football on a vacant lot owned by defendant bank. At trial a compulsory non-suit was granted. For some years the bank had permitted the use of the land for community recreational purposes. Plaintiff was injured when he tripped over a stake while playing on the lot. The stake had been driven under ground level in the winter time, but a portion of it protruded above ground level when the ground was no longer frozen.

The Superior Court held that plaintiff's was a licensee of the premises, not an invitee, and as a licensee, the bank's duty to use reasonable care to warn plaintiff of conditions known to the possessor of the land.

The court held that plaintiff's claim for damage was barred by the Recreational Use Act, saying:

"Finally, the bank is further insulated from liability by 68 Pa.S.A. §477-1 et seq., 'Recreation Use of Land and Water', enacted in 1966 to encourage land owners to make land and water areas available to the public for recreational purposes. The Act provides (§477-3, 477-6) that an owner of donated land has no duty of care to keep premises safe for entry or use by others, or to warn of dangerous conditions, and is liable only for malicious failure to guard or warn.

"We therefore conclude that viewing all the evidence in the light most favorable to appellant Wiegand, that he has not established liability on the part of the bank."

Plaintiff asserts that the Act does not bar his recovery since defendant denies that he permitted the public to use his land for recreational purposes. That he took steps to avoid such use, such as posting trespass signs and shooting down the rope. We find this argument faulty since Defendant under Pa. R.C.P. 1020(c) has the right to plead in the alternative.

Accepting as true plaintiff's position that defendants permitted the public to use their property for purposes of swimming, plaintiff's right to recover rests upon proof that defendants did consent to the use of the land for recreational purposes, which if proven at trial, would bar recovery under the Act. Wiegand v. Mars National Bank, supra. Moreover, if defendants did directly or indirectly permit plaintiff to use their land, then plaintiff was a licensee and not an invitee. The duty of defendants is set forth in Wiegand v. Mars National Bank, as follows:

" 'When a landowner tacitly permits the boys of the town to a play ball on his vacant lot they are licensees only; but if he installs playground equipment and posts a sign saying that the lot is open free to all children, there is then a public invitation, and those who enter in response to it are invitees.' Restatement §332, comment (b). We agree with the court below that Wiegand was a licensee, and the bank therefore had no duty to inspect for hidden dangers. Its liability to licensees is limited to harm caused by conditions of which the owner has knowledge or reason to know."

Here, plaintiff appears to contend that knowledge of the drought of itself, proves that defendants were negligent. However, the record fails to show how long the drought had existed. There was no way in which defendants could correct a dangerous condition due to a drought. Nor is there any evidence to

show that the drought existed a sufficient length of time to constitute constructive notice to defendants that the water had been so shallow as to cause a danger to the safety to anyone diving head first into the stream. Nor do we find in the record any reason for us to conclude that defendants knew or ought to have known that plaintiff would dive head first from a swinging rope into the stream — conduct which appears to us to be of an unusual and not likely to be anticipated. As said in Sheridan, Appellant v. Horn and Hardart Bk. Co., 366 Pa. 485, 487:

"There was no evidence, apart from the description of general weather conditions, how long the wet and slushy condition of the entryway had existed;"

On the record before us we find the Plaintiff's cause of action barred by the Pennsylvania Recreational Act, 68 Purdon's Statutes §477.

## IS THE RECREATIONAL USE OF LANDS ACT CONSTITUTIONAL?

We start with the premises that a statute is presumed to be constitutional. In Glancy, et al., appellants v. Casey, 447 Pa. 77, 88; 288 A.2d 812, 818 (1982), it is stated:

"However, every presumption is in favor of the constitutionality of acts of the legislative body and '[n]othing but a clear violation of the Constitution — a clear usurpation of power prohibited — will justify the judicial department in pronouncing an act of the legislative department unconstitutional and void.' " [Cited cases omitted.]

In Weigand, et al. v. Mars National Bank, supra, the Superior Court denied recovery, applying the act to a personal injury suit instituted by a minor plaintiff. The constitutional issue does not appear to have been raised in that case, we lack appellate

guidance as to the constitutionality of this particular act.

We do not perceive that the statute deprives plaintiff of any fundamental right. He has no right to use the property of another. If he does use the property of another for recreational purposes he is presumed to know the law — that if he is injured, the owner has immunity against tort liability.

In Commonwealth v. Rutan, 229 Pa. Super. 400 (1974), Judge Spaeth (now President Judge) stated:

"On the other hand, it has been said that 'all persons are presumed to know the law and are therefore presumed to be so informed as to [their] rights. They should acquaint themselves, at least with those laws most likely to affect their usual activities.' People v. Kovacks, 205 Misc. 275, 292, 128 N.Y.S. 2d 492, 509 (1954)." (Footnote omitted.)

We find further that the state has a legitimate interest in encouraging landowners to permit the public use of their land for recreational purposes without charge. That immunity from tort liability is essential if the purpose of the act is to succeed.

The statute applies equally to all landowners who permit free use of their property for recreational purposes. No landowner is excepted from its operation. Likewise, it grants tort liability immunity against anyone who uses the land gratuitously for that purpose without exception. This being true, it is not class legislation. Iben v. Monaca Borough, appellants, 158 Pa. Super. 46, 51 (1945), the court said:

"The test is whether there is valid reason for the classification. Com. ex rel. Graham v. Schmid, 333 Pa. 568, 3 A.2d 701. In general, 'classification is a legislative question subject to judicial revision only so far as to see it is founded on real and not merely artificial distinctions': Equitable Cr. & Dis. Co. v.

Geier, 342 Pa. 445, 449, 21 A.2d 53; Commonwealth v. Grossman, 248 Pa. 11, 93 A. 781; Har. Sec. of Bkg., v. Boucher, 142 Pa. Superior Ct. 114, 126, 15 A.2d 699."

We are of the opinion that there is a real and not an artificial distinction between a situation where an individual is an invitee on premises for the mutual benefit of the owner and the invitee and a situation where a licensee is on the premises of another for his sole benefit.

As we have pointed out in this opinion, there is strong presumption that a legislative enactment is constitutional and only a clear violation of the constitution justifies a judicial annulment of a legislative act. We find no such clear violation in the Recreational Use of Land and Water Act.

## ORDER

And now, April 2, 1984, motion for summary judgment is granted and judgment is hereby entered for defendant.