## Commonwealth *v.* Keul, Appellant.

Argued September 27, 1948. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and FINE, JJ.

*John S. Powers,* with him *Michael A. Barletta* and *James B. Ceris,* for appellant.

*Leroy K. Donaldson,* District Attorney, for appellee.

OPINION BY ARNOLD, J., January 14, 1949:

On a charge of reckless driving, at the complaint of Clark W. Ricer, George Keul was arrested. At the trial before the justice of the peace he appeared with counsel and cross-examined the Commonwealth's witnesses, but did not take the stand or call any witnesses. A judgment in summary conviction was entered by the magistrate immediately following the closing of testimony on April 2, 1948. Keul then announced that he would appeal the "decision" to the "Lawrence County Court" and gave cash bail in a proper amount. On April 12 the magistrate discovered that no appeal had been allowed by the Court of Quarter Sessions of Lawrence County, and deducted the amount of fine and costs from the cash bail and forwarded the balance to the defendant.

Our Constitution, Article V, §14, provides that "In all cases of summary conviction in this Commonwealth, . . . either party may appeal to such court of record . . ., upon allowance of the appellate court or judge thereof upon cause shown." This was implemented by the Act of 1876, P. L. 29, as amended, 19 PS §1189, which provides, inter alia: "In all cases of summary conviction . . . before a magistrate or court not of record, either party, even though any fine imposed has already been paid, may, *within five days* after such conviction, appeal to the court of quarter sessions . . . upon allowance of

the said court of quarter sessions or any judge thereof, upon cause shown . . ." (Italics supplied.)

The defendant did not make application for an appeal within five days of his conviction, but on April 27, 1948, petitioned the court of quarter sessions for the allowance of an appeal nunc pro tunc. As to cause shown, the only thing stated in the petition was that the defendant believed "That he would have an opportunity to be heard in defense in your Honorable Court," and that "there was disregard of the law on the part of the Magistrate," without stating what it was. This petition was served upon the district attorney and the complainant, but the record does not show the date. The court of quarter sessions allowed the appeal nunc pro tunc. Parenthetically it may be observed that the right to such appeal nunc pro tunc is at least extremely doubtful. This question was treated in *Adelman, Trustee, Appellant, v. John McShain, Inc.*, 148 Pa. Superior Ct. 138, 24 A. 2d 703, which held that the time for taking an appeal may not be extended as a matter of indulgence, nor can the law fixing the period within which such appeal shall be taken be arbitrarily overridden; citing *Nixon v. Nixon*, 329 Pa. 256, 198 A. 154. In the latter case Chief Justice KEPHART carefully reviewed all of the cases where an appeal is sought after the time for taking it had expired, and reached the conclusion that unless he (the putative appellant) satisfactorily explains his delay and the occasion is extraordinary and involves fraud or some breakdown in the court's operation through a default of its officers, whereby the party has been injured such appeal is barred. In the present case there was no fraud or breakdown in the court's operation through a default of its officers. At most it alleged that the defendant, Keul, misunderstood his rights, but there is no satisfactory explanation therefor.

After the allowance of the appeal nunc pro tunc the district attorney presented a petition to the court of quarter sessions asking that its order be vacated, upon

which a hearing was had and the court vacated the order allowing the appeal. This the court had full power to do. It cannot be denied that if the judge who signed, in the name of the court, the order allowing the appeal nunc pro tunc, had thereafter within proper time, vacated such order, the court and the judge thereof would have acted within its or his proper powers.

The order allowing the appeal nunc pro tunc was made "By the Court," by the President Judge thereof. The order granting a rule to vacate the appeal was made "By the Court," by the additional law judge. It is argued that the one judge could not "upset" the order of the other judge. This loses sight of the fact that both orders were "By the Court." It also overlooks the fact that the President Judge who signed the first order had full charge of the argument list upon which the motion to vacate was assigned.

A further examination of the record leads to the conclusion that if the defendant, Keul, had fully advised the court of all the facts, as those facts appeared at the hearing on the rule to vacate the appeal, no order allowing an appeal would have been made even if presented within five days, and much less would the same have been allowed nunc pro tunc.

The assignments of error are overruled and the judgment and order of the court below are affirmed.