Commonwealth *v.* Conn, Appellant.

Argued November 13, 1956. Before RHODES, P. J. HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and CARR, JJ.

*Charles E. McKissock,* for appellant.

*Allen N. Brunwasser,* with him *Jos. O'Connell, Edward C. Boyle,* District Attorney, and *William Claney Smith,* Assistant District Attorney, for appellee.

OPINION BY HIRT, J., March 20, 1957:

On July 8, 1955 Allen C. Gregg an agent of the Western Pennsylvania Humane Society lodged an information with Alderman Leonard A. Civill in Pittsburgh, charging the defendant with cruelty to animals. The specific charge was that she on that date "did cruelly torture a certain Doberman Pinscher by not giving said dog proper food, water and shelter and also by cruel manhandling said dog . . ." The defendant was arrested and was brought before the magistrate (Act of June 3, 1911, P. L. 654, 18 PS §3120)

and after hearing on July 11, 1955, in a summary proceeding, was convicted of the charge; on August 11, 1955 the sentence of a fine was imposed which she paid forthwith, together with the alderman's costs.

Although the defendant was represented by counsel in the proceeding before the alderman no appeal was taken to the County Court of Allegheny County until August 22, 1955. This was beyond the period of ten days allowed by the Act of April 17, 1876, as last amended by the Act of June 3, 1953, P. L. 272, 19 PS §1189. The appeal was allowed nunc pro tunc by a judge of the County Court, in the first instance, but was quashed on August 29, 1955, after hearing, by the same judge for the reason that no equitable reason for the allowance of the appeal had been shown. Cf. *Commonwealth v. Keul*, 163 Pa. Superior Ct. 550, 63 A. 2d 463. There was no appeal to us from that order of the county court.

On November 23, 1955 defendant petitioned the Court of Common Pleas of Allegheny County for a writ of certiorari. A rule was granted on the application and the alderman was directed to submit his transcript of the proceeding before him. After hearing before Judge Weiss the rule was discharged and the prayer of petitioner denied. From that order entered on March 14, 1956, the present appeal was taken.

The Act of March 20, 1810, P. L. 208, 5 Sm. L. 161, 42 PS §951 provides: "That no judgment shall be set aside in pursuance of a writ of certiorari, unless the same is issued within twenty days after judgment was rendered . . ." Defendant was convicted before the magistrate in the instant case on August 11, 1955 and judgment of sentence was then entered. Defendant did not petition for certiorari until November 23, 1955. Inasmuch as the magistrate unquestionably had jurisdic-

tion of the subject matter the petition well might have been dismissed upon the single ground that it was not presented within 20 days of the date of the judgment of sentence, as required by the above Act. *Laska v. Zelazowski,* 134 Pa. Superior Ct. 311, 4 A. 2d 207.

The order of the lower court however must be affirmed on other ground. In the Common Pleas of Philadelphia County it was the holding of *City v. Kendrick,* 1 Brewster 406, that a defendant cannot have an appeal *and* also a certiorari, for the reason that if both remedies were allowed and both prosecuted, there might be a final judgment for plaintiff in the one and a final judgment for the defendant in the other proceeding. The decision has been generally followed by other courts of common pleas in this State and was found convincing by us (opinion by TREXLER, J.) in *First National Bank v. Fair,* 72 Pa. Superior Ct. 457. In the present proceeding, when the appeal to the county court was quashed, the judgment of the magistrate became final and it was too late thereafter for the common pleas to consider defendant's petition for an allowance of certiorari. A defendant in a summary proceeding before a magistrate must make his election to proceed by appeal *or* by certiorari; he cannot do both. *First National Bank v. Fair,* supra. " '. . . the defendant having proceeded by appeal must be presumed to have waived all mere technical errors in the proceedings of the justice, which did not go to the jurisdiction of that officer' ": *Commonwealth v. Hunter,* 107 Pa. Superior Ct. 513, 164 A. 113. Other questions raised by the defendant become academic in the light of the above principles of law, which are controlling.

We find no merit in this appeal.

Order affirmed.