## Commonwealth v. Montross

*Roy A. Gardner*, District Attorney, for Commonwealth.

*Davis R. Hobbs*, for defendants.

TREMBATH, P. J., August 8, 1962. — These matters come before the court on waived hearings under section 1205 (b) of The Vehicle Code of April 29, 1959, P. L. 58. In each case informations were lodged with the justice of the peace charging each defendant with reckless driving in Tunkhannock Borough, on March 23, 1962.

It was stipulated that defendants' exhibits one and two are identical and are the letters mailed April 10, 1962, by the justice of the peace to defendants. Each of the letters reads as follows:

"Dear Sir:—

Enclosed find a copy of an information filed with me of a Violation by you of the Motor Vehicle Code. The fine and costs are $15.00. If you wish, you may send it to me and you will not have to appear; but if you wish a hearing, I will hear you at my office, No. 14½ East Tioga Street, Tunkhannock, Pa., on the 20th day of April, 1962, at 1:00 o'clock P.M.

If you desire a hearing please notify me in advance, so that you may be spared the inconvenience of continuances.

Awaiting your pleasure, I remain
    Yours truly,
        Cecil Krewson, Jr.
        J.P.

        My Commission expires
        first Monday in Jan. 1966"
        (Seal)

In each case the attorney for defendants moved to quash the proceedings and dismiss defendants, (1) because the justice's transcript shows that each defendant was not given the statutory notice to appear, and (2) that the notices that were in fact given, did not conform to the statutory requirements, and that therefore the justice of the peace did not acquire jurisdiction over the person of the defendants.

We are unable to reconcile our views with those of many lower courts when differentiating the procedural steps necessary to vest jurisdiction over the subject matter of a motor vehicle violation, from the procedural steps which perfect jurisdiction over the person of the defendant.

The Vehicle Code attaches jurisdiction over the subject matter in any motor vehicle violation in the justice of the peace who happens to be the nearest available justice in the municipality where the violation occurred. The only procedural step, as we view it, which is necessary to vest that jurisdiction, is that the jurisdiction be invoked by a sworn information lodged with that justice. This jurisdictional step is complicated when the nearest justice is not available, or when no justice is available in the municipality where the violation occurred, and sometimes by the fact that a single violation occurred while defendant was traveling in different municipalities. Nevertheless the procedural step remains the same, and the complications are resolved by evidence. It is our view that only when the correctness of the choice of the justice of the peace is attacked on the ground that he was not the nearest available justice of the peace, or that he was not a justice of the peace in the municipality where the offense took place, or something similar, is there an attack upon the justice's jurisdiction of the subject matter. This also is the view of Judge McDade in Commonwealth v. Walter, 39 D. & C. 383, 388: "We are of the opinion that, . . . the magistrate's jurisdiction of the subject matter attaches upon the filing of the information . . ."

As we view it, all other procedural steps are taken in these cases to establish the justice's jurisdiction over the person of the defendant. In this latter group would be included the letter sent by the justice of the peace to defendant giving defendant ten days in which to appear, which is the procedural step here under attack.

There has never been any doubt that when a justice of the peace had no jurisdiction over the subject matter, all proceedings before him are fatally defective, and nothing defendant did or failed to do could remedy this defect, and the matter could be raised at any time, before or after his appearance, before or after judg-

ment, and this defect can be raised for the first time in the appellate courts: Commonwealth v. Gill, 166 Pa. Superior Ct. 223, 227; Commonwealth et rel. Paylor v. Cavell, 185 Pa. Superior Ct. 176, 185.

It is in those cases where defendant in a motor vehicle violation has waived hearing and given bond for appearance "for trial before a Judge of the Court of Quarter Sessions" and then attacks, as defective, some procedural step before the justice of the peace that confusion exists in the decisions of the lower courts. Some courts have held that defendant's appearance and waiver of hearing before the justice of the peace is a waiver of any procedural error going to jurisdiction over the person: Commonwealth v. Maun, 68 D. & C. 288, 292; Commonwealth v. Wentz, 52 D. & C. 690; Commonwealth v. Greene, 40 D. & C. 546; Commonwealth v. Moore, 15 D. & C. 263.

On the other hand other courts have held that the waiving of hearing before the justice of the peace and giving bond for appearance before the quarter sessions court is not a waiver of procedural defects going to jurisdiction over the person, and that defective procedural steps are fatal to the proceeding and will be so declared by the court of quarter sessions: Commonwealth v. Hastings, 14 D. & C. 811; Commonwealth v. Nottage, 11 D. & C. 719; Commonwealth v. Myers, 22 D. & C. 586, 589; Commonwealth v. Walter, 39 D. & C. 383, 390; Commonwealth v. Arnold, 86 D. & C. 154; Commonwealth v. Beaver, 58 D. & C. 97.

The appellate courts have not resolved the difficulty. Commonwealth v. Burall, 146 Pa. Superior Ct. 525, involves a case where the attack was on the jurisdiction over the subject matter, for in that case defendant alleged that the record failed to show that the justice of the peace was the nearest available. The ruling in that case cannot, and does not throw light on the controversy over the effect of error in procedural steps undertaken

to effect jurisdiction over the person of the defendant. Similarly in Commonwealth v. Gill, 166 Pa. Superior Ct. 223, the issue went to jurisdiction over the subject matter since defendant's point was that the magistrate in municipality (a) could not have jurisdiction since the offense happened in municipality, (b) and that one or more justices of the peace had been commissioned in the latter municipality.

The Superior Court in Commonwealth v. Meckes, 144 Pa. Superior Ct. 381, held that the court of quarter sessions had no right to issue a writ of certiorari to a magistrate or justice of the peace. The court said at page 382:

"This is determined by article 5 §10, of the Constitution of Pennsylvania ... which reads as follows: 'The judges of the courts of common pleas, within their respective counties, shall have power to issue writs of certiorari to justices of the peace and other inferior courts not of record, and to cause their proceedings to be brought before them, and right and justice to be done'. This section is the only constitutional authority existing in this state for issuing such writs of certiorari, excepting that possessed by the Supreme Court under article 5 §3, of the Constitution ... It is therefore clear that the court of quarter sessions had no jurisdiction upon a certiorari to review the proceedings of the justice of the peace in the present case; and no act of assembly could confer power on that court to issue such a writ ..."

The court further held that an act which attempted to confer such a right would be unconstitutional.

Section 1205 of The Vehicle Code of April 29, 1959, P.L. 58, 75 PS §1205, provides:

"(a) Any person convicted in any summary proceeding under this act shall have the right of appeal as in other cases of summary conviction.

"(b) Any person charged with violating any of the summary provisions of the act may waive summary hearing, and give bond in a sum equal to double the amount of the fine and costs that might be imposed, *for appearance* for *trial* before a judge of the court of quarter sessions . . . and thereupon the magistrate shall, within fifteen (15) days, *return the information* to the said court."

When this section is considered in the light of the Meckes case, it is certain that the legislature had no power to confer upon the court of quarter sessions the power to consider the case under section (b) as though a writ of certiorari had issued, and nothing in the language of section (b) indicates such an intention on the part of the legislature. In fact the legislature directed only that the magistrate should return the *"information* to the said court" and not the record. Further, after posting the required bail, the defendant is under bond for "appearance for trial".

Since section (b) did not in fact, and could not constitutionally directly confer upon the court of quarter sessions the power to review the proceedings of the magistrate, no such power can be read into the section by inference or implication. We conclude that the only change in the law made by section 1205(b) of The Vehicle Code was to give defendant the right to elect whether the case should be heard upon the merits *in the first instance* by the magistrate or by a judge of the court of quarter sessions: Commonwealth v. Reed, 152 Pa. Superior Ct. 249.

The power to issue writs of certiorari is still vested in the court of common pleas. If it is desired to attack only the regularity of the proceedings before the justice, this is done by a writ of certiorari issued by the court of common pleas, and the assignment of the alleged errors relied on; in which event the judgment of the inferior magistrate is sustained or set aside, de-

pending upon whether the proceedings objected to are found to be legal and regular or not, and whether they sustain the conviction or not: Commonwealth v. Meckes, 144 Pa. Superior Ct., 381, 384. The writ of certiorari is usually issued only after judgment, and it must issue within 20 days after judgment under the Act of March 20, 1810, P. L. 208, 42 PS §951: Commonwealth v. Conn, 183 Pa. Superior Ct. 144, 146.

The practice which had grown up on waived hearings, to have the court of quarter sessions at one sitting pass on both the regularity of the proceedings before the justice of the peace, and upon the merits, was greatly appreciated by the bar, because of the rule that a litigant did not have the right to both an appeal from the magistrate to the court upon the merits, and a writ of certiorari to test the regularity of the proceedings before the magistrate: Commonwealth v. Conn, 183 Pa. Superior Ct. 144, 146. However nothing prevents a defendant from waiving a hearing before the justice and applying for a writ of certiorari, because the waived hearing is not an appeal.

A writ of certiorari is sometimes issued before judgment. At common law a writ of certiorari was issuable before the proceedings instituted had culminated in a trial order or judgment. The writ was based upon the absence, excess, or usurpation of jurisdiction by the tribunal from which the proceedings were removed: People v. Superior Court, 234 Ill. 186, 84 N. E. 875; Pollitz v. Michigan R. Commission, 205 Mich. 549, 172 N.W. 611. "A common law writ of certiorari issued *before or after* judgment is a supersedeas": Ewing v. Thompson, 43 Pa. 372, 377; Sowers Estate, 383 Pa. 566, 573.

We believe that since a writ of certiorari may be issued previous to judgment that it should be so issued, when asked, in cases when hearing before the justice has been waived under section 1205(b), and counsel

desires to attack the regularity of proceedings bringing defendant before the justice. When so issued it would enable the common pleas judge to pass upon the errors in the record, before quarter sessions entered into a hearing on the merits, but there would be no point in granting a writ of certiorari before judgment unless hearing on that writ could be fixed for same day as fixed for hearing on the merits on the waived hearing.

However in the case at bar the matter is before the quarter sessions court on a waived hearing. For the reasons already discussed we have no power to review the proceedings before the justice of the peace, and the motion to quash must be denied.

And now, August 8, 1962, defendants' motion to quash the proceedings and dismiss the defendants, is denied.