## Commonwealth v. Goldberg

*Jacob J. Siegal*, for appellants.

*Gordon Gelfond*, for Commonwealth.

CHUDOFF, J., May 9, 1963.—These cases were brought before the court on appeal from summary convictions under the acts of assembly, more commonly referred to as the "Sunday Blue Laws." *

Appellants were charged with selling prohibited goods on Sunday, in violation of the statute, and, pursuant to criminal summons served upon them, they appeared with counsel before Magistrate William Bleshman on December 26, 1962. Objection was made at the hearing by appellants that a copy of the complaint was not served upon them together with the criminal summons. The hearing was continued until December 29, 1962, at which time copies of the complaints upon which the criminal summons were issued were served on appellants. From these summary convictions, these appeals are pursued. Subsequent thereto, the Commonwealth moved to quash all of the appeals on the grounds that appellants' general appearance before the magistrate and their defense on the merits of each case waived any defects as to procedure.

Our research reveals no cases in Philadelphia County on the issues raised by this appeal. This being a case

* Act of June 24, 1939, P. L. 872, as amended August 10, 1959, P. L. 660, sec. 1, 18 PS §4699.10.

of first impression, we will endeavor to decide all the issues raised to give some direction to all the parties involved in the enforcement of this act.

Appellants contend that under the Act of September 18, 1961, P. L. 1464, sec. 4, 19 PS §12.4, a copy of the complaint must be served upon defendant with the criminal summons and that failure to comply with the act is a jurisdictional defect. With this we concur. The Act of Assembly reads as follows:

"The *criminal summons and a copy of the complaint shall be served* by the peace officer or other person designated by the issuing official in the same manner as original process in civil actions at law." (Italics supplied.)

It is our opinion that the word "shall" as used in the statute is mandatory. "Where the thing directed is the essence of the thing required the statute is mandatory": National Transit Co. v. Boardman, 328 Pa. 450 (1938).

Whether a particular statute is directory or mandatory does not depend upon its form but upon the intention of the legislature: Baldwin's Appeal, 153 Pa. Superior Ct. 358 (1943).

The statute provides for the serving of the criminal summons *and* a copy of the complaint on defendant. There is no doubt in our minds that the legislature intended both the summons and the complaint be served together, thereby giving defendant all the information required to make a defense when the time arises for his hearing. We hold, therefore, in any future prosecution for violation of the Sunday Blue Laws that the criminal summons and a copy of the complaint must be served upon defendant at the same instance to effectuate the magistrate's jurisdiction over the persons accused of violating these acts of assembly.

However, although we concur with appellants' interpretation and requirements under the statute, their

convictions must be sustained because of the factual situation presented to us in this appeal. The reasons for our findings are twofold.

Appellants elected to appeal their conviction by the magistrate, rather than to proceed by certiorari. By proceeding by appeal rather than by certiorari, to the Court of Common Pleas, appellants have waived any formal defects or errors in the proceedings: Commonwealth v. Conn, 183 Pa. Superior Ct. 144, 130 A. 2d 253 (1957) ; Commonwealth v. Burall, 146 Pa. Superior Ct. 525, 22 A. 2d 619 (1941) ; Commonwealth v. Palms, 141 Pa. Superior Ct. 430 (1940).

A defendant in a summary proceeding before a magistrate must make his election to proceed by an appeal or by certiorari. He cannot do both: Commonwealth v. Bricker, 406 Pa. 422 (1962) ; Commonwealth v. Conn, supra.

In Commonwealth v. Palms, supra, the court stated, at page 438:

"It will be noted that the defendant did not proceed by way of certiorari to the court of *common pleas;* hence we are not concerned with alleged errors in the form of the complaint or the transcript of the justice. He chose the remedy by appeal to the court of quarter sessions, which constituted a waiver of *formal* defects in the proceedings before the justice."

By proceeding on appeal rather than by writ of certiorari, appellants have waived any defects in the magistrate's hearing, therefore compelling us to sustain their convictions.

Notwithstanding the fact that appellants proceeded by appeal, their voluntary appearance before the magistrate waived any jurisdictional defect that may have existed. Had appellants appeared, stated for the record that they questioned the magistrate's jurisdiction due to the failure of the issuing officer to serve a copy of the complaint upon them, and done nothing more, then

a question *may* have arisen concerning their waiver of the magistrate's jurisdiction. However, this was not done. Appellants did argue that the service was improper, but that is as far as the record indicates they attacked the magistrate's jurisdiction over them. Appellants consented to the magistrate's jurisdiction and waived any formal defect thereof by their appearance in court, and their questioning of the Commonwealth's witness. The fact that a summons was issued does not in any way vitiate their voluntary appearance. Had they appeared under arrest on a warrant, then there would have been no waiver of jurisdiction: Commonwealth v. Piper, 28 D. & C. 2d 560 (1962).

In Commonwealth v. Maun, 68 D. & C. 288 (1949), the court stated, at page 291:

"A general appearance by a defendant in an action against him in a court having jurisdiction of the subject-matter confers jurisdiction of his person, regardless of the fact that process was not served upon him, or of the fact that process or the service thereof may have been defective. His position is just what it would have been if he had been brought in regularly by the service of process. Such an appearance amounts to a waiver of the issuance or the service of process or notice, and estops a defendant who has thus voluntarily appeared from objecting to want of jurisdiction over his person."

One of the appellants, Harry Goldberg, in case no. 12, raises another important issue in his appeal.

This appellant's contention is that the information must be sworn to before a magistrate and not a notary public, as was done in this instance. We do not agree.

Our research reveals a dearth of cases on this point in Pennsylvania. The most important element in each instance is the requirement that the information must be sworn to by the party making the complaint. The

378

act itself is silent as to the identity of the person before whom an affidavit to a complaint should be taken.

It is our opinion that under prosecutions for violations of the Sunday Blue Laws that a notary public is a proper person before whom an affidavit to a complaint can be sworn. The Act of August 21, 1953, P. L. 1323, sec. 18, 57 PS §164, provides, in part, as follows:

"Notaries shall have power to take depositions and affidavits. . ."

And, section 16 of the same act provides, in part, as follows:

". . . Any person who shall be convicted of having wilfully and knowingly made or taken a false oath or affirmation before any notary in any matters within their official duties shall be guilty of perjury and shall be subject to the penalties in such case made and provided."

For the foregoing reason, the Commonwealth's motion to quash all of the appeals is sustained.