### Commonwealth v. McDowell

154

*Robert L. Knupp*, Assistant District Attorney, and *LeRoy S. Zimmerman*, District Attorney, for Commonwealth.

*Harold R. Prowell*, for defendant.

KREIDER, P. J., October 6, 1971.—Defendant, Harvey McDowell, filed a motion for new trial and in arrest of judgment following his conviction by this court on a charge of unlawfully operating a truck and trailer combination which was 7,680 pounds overweight, in violation of section 903 of The Vehicle Code of Pennsylvania, as amended by the Act of March 3, 1970, P. L. 88, 75 PS §903.[1] Defendant had been found guilty previously by a district justice of the peace who imposed a fine of $750 and $5 costs; whereupon

---

[1] Subsections (b) and (c) of section 903 of The Vehicle Code are as follows:

"(b) No commercial motor vehicle or truck tractor having a registered gross weight shall, when operated upon a highway, have a gross weight exceeding the registered gross weight of such commercial motor vehicle or truck tractor.

"(c) No combination of which a commercial motor vehicle or truck tractor having a registered gross weight is a part shall, when operated upon a highway, have a gross weight exceeding the sum of (1) the registered gross weight of the commercial motor vehicle or truck tractor plus (2) the registered gross weights, if any, of the other vehicles in the combination. This subsection shall not apply to a combination of a commercial motor vehicle or truck tractor and a mobilehome, house trailer or office trailer."

defendant appealed to this court and a hearing de novo was held.

The reasons averred in support of the motion for a new trial and in arrest of judgment are:

"1. The evidence was insufficient to sustain the verdict.

"2. The information does not charge Defendant with a crime.

"3. The allegata of the information are conclusively and admittedly contradicted by and contrary to the probata; namely, the Defendant is charged with exceeding the maximum allowable gross weight allowed for his type and kind of vehicle, but the uncontradicted testimony is that the weight charged is 37,680 lbs. and the maximum allowable gross weight is 60,000 lbs."

The information (complaint) made by a member of the Lower Swatara Township police force averred, inter alia, that in the County of Dauphin "At or about the hour of 10:30 A.M., E.S.T. on the 15th day of March A. D. 1971, the defendant above named, did unlawfully operate a International Trk, Bearing 1970, Pa. Registration No. CM 20096 with 19 — validating Sticker No. —, and a Fruehauf Trailer, bearing 19—, — Registration No. TE 32427 with 19 — validating Sticker No. — on a public highway Route 230 in Lower Swatara Township, County and Commonwealth aforesaid.

"In that the above named defendant did then and there operate said COMBINATION OF VEHICLES with a gross weight of 37,680 pounds, when the gross maximum weight allowed for this particular kind, type and class of motor vehicle is 30,000 pounds. Vehicle overloaded 7,680 pounds, this being over three (3) percent of the gross weight allowed by the Motor Vehicle Code of the Commonwealth of Pennsylvania.

"This in violation of Section 903, Subsection B, Article IX, Act 39, P. L. 58, effective March 3, 1970 of the Vehicle Code of the Commonwealth of Pennsylvania, as further amended. Contrary to the form of the Act of the General Assembly in such case made and provided and against the peace and dignity of the Commonwealth.

Harold L. Easter, Jr.<br>Affiant."

Defendant's principal contention is that since his vehicle combination *could have been* legally registered to carry 60,000 pounds and its actual gross weight was only 37,680 pounds, it did not exceed "the maximum gross weight *allowed* for this particular kind, type and class of motor vehicle," as charged in the first two paragraphs of the Information.

At the outset, it must be borne in mind that by taking an appeal to this court and electing to contest his conviction on the merits, defendant waived all technical defects which did not pertain to the jurisdiction of the district justice of the peace: Commonwealth v. Conn, 183 Pa. Superior Ct. 144 (1957); Commonwealth v. Scott-Powell Dairies, 128 Pa. Superior Ct. 598 (1937); Commonwealth v. Hunter, 107 Pa. Superior Ct. 513 (1933). There is no question of jurisdiction in this case.

The subject of waiver and the nature of the irregularity asserted as a ground for an arrest of judgment are discussed in Volume 10A of Pennsylvania Law Encyclopedia—Criminal Law, Section 804, as follows:

"As a general rule, the error on which an arrest of judgment will be allowed must be a *substantial* one which would render judgment erroneous and *unjust* if entered, as where the jury finds the accused guilty of a crime unknown to the law, or where the trial

judge errs in refusing to sustain the accused's demurrer.[2]

"Thus, a judgment will not be arrested for mere matters of form which do not affect the case, technical defects, mere clerical errors, for such defects as are cured by the plea or verdict, or are waived by going to trial, or are amendable. A motion in arrest will *not* be granted for an alleged error where it does not appear that the defendant was prejudiced thereby." (Citations omitted.)

We think that, under the circumstances of this case, defendant has waived the right to attack the information as drawn by the district justice of the peace on the ground that the "allegata of the Information are conclusively and admittedly contradicted by and contrary to the probata."

At the trial in court, defendant admitted that the gross weight of the tractor-trailer combination which he was operating on the highway in question was 37,680 pounds and that he had a license to operate the said combination at a *registered* gross weight not exceeding 30,000 pounds. For this license he paid a fee of $200 for the truck and $25 for the trailer, or a total of $225, which was $90 less than in previous years when he had operated this combination at a registered gross weight of 60,000 pounds and paid a total license fee of $315. We believe that he must have known, or was bound to know, that by paying a substantially smaller license fee he would be limited to the lesser "registered" gross weight of 30,000 pounds set forth on his registration card.[3]

---

[2] Emphasis throughout ours unless otherwise noted.

[3] Defendant, who is the owner of the McDowell Farm Equipment Company, testified at the trial that he did not know he paid a smaller fee "because I signed the check and my secretary filled the

The validity of the information is further supported by section 704 of The Vehicle Code, 75 PS §704, which sets forth a table dividing commercial motor vehicles into 18 classes, assigning each class a registered gross weight and an annual registration fee. At the time of his arrest, defendant's vehicle was registered in *Class 9,* with an annual registration fee of $200 and a *registered* gross weight of 30,000 pounds. Thus, the information was correct when it charged that the "defendant did then and there operate said Combination of Vehicles with a gross weight of 37,680 pounds, when the gross maximum weight allowed for this particular kind, type and *class* of motor vehicle is 30,000 pounds. Vehicle overloaded 7,680 pounds . . ." In his argument, defendant 's counsel overlooked the word "class" as it appears in the information.

In considering technical objections in cases of this kind, we reiterate the views expressed in our opinion in Commonwealth v. O'Donnell, 65 Dauph. R. 8 (1953). There, defendant had waived a hearing before a magistrate, posted bond for a hearing de novo in the court of quarter sessions and then attacked technical and procedural irregularities which he claimed existed in the proceedings theretofore. In overruling defendant's demurrer to the evidence we stated, page 20:

". . . As Judge Woodside, in discussing this subject, well said in COMMONWEALTH v. DEPPEN, 56 Dauphin Co. 16 (1944); 52 D. & C. 442, at page 447 (wherein three prior decisions of this court were overruled):

" 'The tendency is to become less technical, and the courts are becoming more reluctant to require the use

---

check out and paid them." This evidence, even if found to be credible, does not constitute a valid defense and was not relied upon in defendant's brief of argument.

of specific words in pleadings where no harm can result from the use of other than the customary language.'

"In view of the evidence adduced by the Commonwealth in this case, we feel that the rule long ago laid down by the Supreme Court of Pennsylvania in COMMONWEALTH v. BURKHART, 23 Pa. 521 is appropriate.

" 'The courts are no longer astute in discovering defects in such proceedings; and when the charge in the complaint and summons is so specific as to give the defendant fair notice of the substance, time, and place of the offence charged, as is done here, it ought to be regarded as sufficient.' "

It is noteworthy, moreover, that defendant makes no reference in his brief to the last paragraph of the information which specifically charged that the alleged 7,680 pounds overweight was "in violation of Section 903, Subsection b, Article IX, Act 39 of The Vehicle Code." This subsection provides, as heretofore noted, that "No commercial motor vehicle or truck tractor having a registered gross weight shall, when operated upon a highway, have a gross weight exceeding the *registered* gross weight of such commercial motor vehicle or truck tractor."

We are convinced that defendant fully understood that he was being charged with operating upon the public highways a combination of vehicles whose gross weight exceeded the *"registered"* gross weight of such combination and that the wording of the information when read in its proper context and considered with the testimony at the trial sustained the charge brought against him.

And now, October 6, 1971, the motion for a new trial and in arrest of judgment is refused and dismissed.