**Commonwealth v. B. Abrams & Sons, Inc.**

*Robert L. Knupp,* for Commonwealth.

*Leslie Handler,* for defendant.

DOWLING, J., December 17, 1971.—Defendant seeks an order directing the clerk of courts to enter judgment of non pros. because of the failure of the district justice to file his transcript within 20 days after receiving defendant's notice of appeal.

A hearing before the district justice was held October 9, 1970, at which time defendant was convicted of violating the Air Pollution Control Act [1] by causing or permitting the open burning of refuse at its scrap yard.

An appeal was taken and notice given to the district justice on October 14, 1970. On October 15, 1970, defendant filed a motion to quash the complaint which motion was argued before this court on February 17, 1971. In an opinion[2] filed April 12, 1971, the motion was denied. On April 13, 1971, defendant filed with the clerk of courts a praecipe for judgment of non pros.

Defendant bases its motion on the provisions of section 3 of the Minor Judiciary Court Appeals Act of December 2, 1968, 42 PS §3003, the pertinent portion of which provides:

---

[1] Act of January 8, 1960, P. L. 2119, 35 PS §4001.

[2] 93 Dauph. 305 (1971).

"(d) The issuing authority shall within twenty days after service upon him of a notice of appeal file with the officer of the court his transcript of proceedings . . . he shall also serve personally or by certified mail a copy of his transcript upon the attorney for the defendant, or if none, upon the defendant.

"(e) The failure of the issuing authority to file a transcript and other papers of the proceeding as required above shall result in rendering the conviction a nullity and the officer of the court with whom the notice of appeal was filed shall, upon praecipe of the defendant, enter a judgment of non pros. . . ."

The record clearly demonstrates a failure to comply with the above act. The district justice was notified of the appeal on October 14, 1970, but did not file his transcript until December 4, 1970. The language of the statute is mandatory and we cannot distort its plain meaning.

In Commonwealth v. Fenstermaker, 47 D. & C. 2d 341 (1969), the Northampton County Court stated, at page 343:

"The Minor Judiciary Court Appeals Act of December 2, 1968, supra, was passed not only to provide for a right of appeal, in all cases, from decisions of the minor judiciary, but also to provide the procedure therefor. Its clear intention is to eliminate confusion, duplication, and inconsistencies created by existing statutes in the field of appeals from decisions of the minor judiciary. To accomplish this purpose and intent the act in section 7 specifically repealed 18 other acts of parts of acts.

The intention of the legislature is clear. It intended to set up a single uniform procedure in all appeals from decisions of the minor judiciary. Every use of the word 'shall' in the act must therefore have been intended to be mandatory. To hold otherwise

would so seriously impair the purpose of the statute as to amount to a defeat of that purpose.

In the recent case of Commonwealth v. Winters, 52 D. & C. 2d 620 (1971), the court, by way of dicta, held that section 3003(d) was mandatory.

The Commonwealth seems to feel that the positive language of the statute is called into question by the decision of Commonwealth v. Leffler, 50 D. & C. 2d 109 (1970). However, this case dealt not with failure to file a transcript but with failure to serve the lawyer with a copy of the transcript and while the court felt that the latter provision was not mandatory, it clearly inferred that had it been dealing with the failure to file the transcript the judgment of non pros. would have been proper.

Nor is the Commonwealth's position sustained by the other decisions it cites: Commonwealth v. Mazanowski, 39 D. & C. 2d 681 (1966), dealt with an alleged defect in the summons due to the absence of a seal and the court merely held that this defect was waived, since defendant chose to appeal rather than proceed by petitioning for a writ of certiorari. To the same effect is Commonwealth v. Conn, 183 Pa. Superior Ct. 144 (1957), which held that defendant having proceeded by appeal must be presumed to have waived all technical errors in the proceedings of the justice. Commonwealth v. O'Donnell, 65 Dauphin 8 (1953), dealt with a directory not a mandatory provision.

The critical issue is whether or not defendant waived the provisions of this statute by proceeding with his motion to quash and then waiting until an adverse decision on that motion was rendered before moving for judgment of non pros. Certainly, defendant cannot be faulted for filing his motion to quash because at that time the 20 days for filing the transcript had not lapsed. The question then arises as to

whether his actions after he had knowledge of the defective filing constitute a waiver. It might be noted that it cannot be determined from the record when defendant was aware that the transcript was not properly filed. While the statute requires that the issuing authority serve a copy of the transcript upon the attorney, there is nothing in the record to indicate when this was done.

A waiver has been defined as a voluntary and intentional relinquishment of a known right: 28 Am. Jur. 2d 836. Generally, to make out a case of an implied waiver, there must be a clear, unequivocal and decisive act of the party showing such a purpose. More importantly, the party claiming the waiver has the burden of proof, there being no presumption of a waiver. "In fact, every reasonable intendment is indulged against the waiver of fundamental rights . . .": 28 Am. Jur. 2d 861. Pennsylvania is in accord with these principles: Dougherty, Tr., et al. v. Thomas, 313 Pa. 287 (1933). In Atlantic Refining Company v. Wyoming National Bank of Wilkes-Barre, 356 Pa. 226, 236 (1947), the court stated:

" 'A waiver may be express or implied, but in the absence of an express agreement a waiver will not be presumed or implied contrary to the intention of the party whose rights would be injuriously affected thereby, unless by his conduct the opposite party has been misled, to his prejudice, into the honest belief that such waiver was intended or consented to.' "

Assuming that defendant was charged with constructive notice of the late filing on December 4th, is there sufficient evidence on the part of the Commonwealth to sustain its burden to prove an implied waiver? The issue as to the validity of defendant's conviction had already been joined on a motion to quash. True, defendant could have at this time asked

for judgment of non pros. and had both matters heard before the court in February. Is he to lose his right to insist upon compliance with the mandatory provision of the statute because he chose to test his position on the motion to quash (which dealt with an entirely different issue).

In Curtis Publishing Co. v. Butts, 388 U. S. 130 (1967), a question was raised as to appellant's waiver of certain constitutional rights which had been set forth in a decision of the Supreme Court handed down shortly after the trial. In the Fifth Circuit, the court had held that appellant waived any right it might have had to challenge the verdict and judgment on the constitutional grounds because its attorneys were aware that the issue was before the Supreme Court. Mr. Justice Harlan, announcing the court's opinion, pointed out that the mere failure to impose a defense prior to the announcement of a decision which might support it cannot prevent a litigant from later invoking such a ground. The court also thought it inadvisable to determine whether a right was known by relying on information outside the record, which might be analogous to our situation as to when defendant's attorney knew that the transcript had not been filed in time. The court then stated: "Where the ultimate effect of sustaining the claim of waiver might be an imposition on that valued freedom, we are unwilling to find waiver in circumstances which fall short of being clear and compelling."

This, of course, is a criminal proceeding, and we find that the existence of an implied waiver is not supported by evidence which is clear and compelling.

This case is distinguishable from a recent decision of this court: Commonwealth v. Schreiber, filed September 29, 1971. There, defendant filed a motion in arrest of judgment alleging he had been charged with

the wrong subsection of The Vehicle Code. This contention was not raised before the district justice nor at the hearing de novo. It was held that by taking an appeal and obtaining the hearing de novo and thereafter failing to raise the contention at the trial, defendant waived the defect in the information. Here, of course, we are dealing with a mandatory provision of the statute and not a technical defect in summary proceedings.

## ORDER

And now, December 17, 1971, defendant's rule is made absolute and the clerk of courts is directed to enter a judgment of non pros.