148

No. 34,255

HOMER WEBB, *Appellant*, v. BRADEN & McCLURE DRILLING COMPANY
and THE TRAVELERS INSURANCE COMPANY, *Appellees.*

Opinion denying rehearing filed June 20, 1939. For original opinion of reversal see 149 Kan. 818, 89 P. 2d 852.

C. A. Matson, I. H. Stearns and E. P. Villepigue, all of Wichita, for the appellant.

C. H. Brooks, Howard T. Fleeson, Carl G. Tebbe, Wayne Coulson and Paul R. Kitch, all of Wichita, for the appellees.

### OPINION DENYING A REHEARING

The opinion of the court was delivered by

DAWSON, C. J.: In a motion for a rehearing counsel for appellees complain because our opinion ignored their contention "that no claim for compensation, written or oral, registered or unregistered, was made either within ninety days after the accident or within ninety days after the last payment of compensation."

The workman's compensation act does not require an injured workman to make repeated written demands for compensation. One is sufficient. Either of claimant's written demands dated December 2, 1935, or December 12, 1935, fully answered the purpose. Indeed, the district court so held—except as to their want of registration when sent by United States mail service. (Trial court's conclusions of law, 149 Kan. 820.)

Payments of compensation had only been *suspended* some four or five weeks (exact date not shown) when claimant made his written demand of December 2, 1935. Certainly claimant's demand of that date was made within ninety days after payment of compensation was suspended—which satisfied the pertinent provision of the statute (G. S. 1935, 44-520a) governing claimant's situation at that time. Indeed, the trial court's findings of fact expressly recite:

"These letters [of December 2 and December 12, 1935] were mailed and received by the addressee within 5 or 6 weeks after a suspension of payments."

Just how long a recipient of compensation may wait after his employer and the insurance carrier arbitrarily cut him off before instituting proceedings to compel them to continue their payments is not prescribed by statute. Consequently such proceedings could be commenced within a reasonable time. Here appellees cut him off in June, 1937. These proceedings under review were begun on February 3, 1938, some eight or nine months afterwards, which could not be held to be an unreasonable delay.

Moreover, there was no cross appeal in this case. A painstaking study of the record and of appellees' motion for a rehearing does not shake our confidence in the correctness of our decision; nor have we left undetermined any legal question properly presented for our decision.

The rehearing is denied.